No. 51.—JAMES N. TURNER, plaintiff in error, vs. FRANCIS ROSSEAU, Garnishee, defendant in error.

A traverse that merely denies the truth of the answer of a garnishee is sufficient.

Garnishment, in Stewart Superior Court. Tried before Judge KIDDOO, October Term, 1856.

Francis Rosseau was served with a summons of garnishment issued in a case of attachment sued out by James N. Turner, against Wm. R. Rosseau. He filed his answer denying that he had any of the effects of the absconding debtor in his hands, or that he was indebted to him.

Plaintiff by his counsel, Tucker and Beall, filed the following traverse to said answer, viz:

"And now comes the plaintiff in attachment by his attorneys Tucker and Beall, and tenders issue and says, that said garnishee was indebted to said defendant at the time of the

service of said summons; that he had money, accounts, notes, horses, lands, mules, cows, hogs, effects, deeds, evidences of debt, bonds for titles to lands, choses in action, in his possession belonging to said defendant, and of this he puts himself upon the country, &c.

TUCKER & BEALL,
Plaintiffs Attorneys."

The attorney for the garnishee refused to join issue upon said traverse and objected to the same as being too vague, indefinite and without sufficient specification; the Court sustained the objection, and counsel for plaintiff declining to make any amendment thereto, or to tender any other or further issue; the Court on motion discharged the garnishee from all further answer or liability in the premises.

Whereupon, plaintiff's counsel excepted and assigned error.

TUCKER & BEALL, for plaintiff in error.

WORRILL, for GAULDING, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Was the traverse sufficient? This is the only question. The Court below, it seems, thought the traverse too general.

The language of the attachment act is this: "And where any person, in whose hands any debt or effects may be attached, shall deny owing any money to, or having in his hands any effects of, such debtor, it shall be lawful for the plaintiff to traverse such denial, and thereupon an issue shall be made up and the same be tried by a jury," &c. 2. *Cobb's Dig.* 70.

All that the plaintiff has to do is, to "traverse" the answer of the garnishee.

To traverse is merely to *deny.* 1. *Chitty Pl.* 576, *and note* (*A.*)

To traverse the answer of a garnishee is, therefore, merely to deny the truth of the answer,—is merely to say, that the answer is not true.

This the traverse in the present case does by necessary implication. It does somewhat more. It states, in a general way, wherein it is that the answer is not true. And general as is this statement, it, after all, is not, perhaps, for any practical purposes, more general than many statements which, by a skilful use of the videlicet, the common law may be made to sustain.

But the statute requires no more than a mere *denial* of the truth of the answer.

If therefore, the plaintiff makes this denial, it is the duty of the garnishee to take issue on the denial; and that he may do, no doubt, by simply saying, that the answer *is* true.

Thus, in a few words, may the "issue" to which the statute refers, "be made up."

We think therefore, that the judgment of the Court below ought to be reversed.

Judgment reversed.