## 703. WALKER *v.* SWIFT FERTILIZER WORKS.

1. By the constitutional amendment creating this court, certification to the Supreme Court is required only when "a question is raised as to the construction of a provision of the constitution of this State or of the United States, or as to the constitutionality of an act of the General Assembly of this State, and a decision of the question is necessary to a determination of the case." A contention that the Supreme Court, in a line of decisions, has violated the constitutional inhibition against the judiciary exercising legislative functions, or that the effect of such decisions is to deprive the complaining party of constitutional guaranties, does not raise such a question.

2. While, by the same constitutional amendment, "The Court of Appeals may at any time certify to the Supreme Court any other question of law concerning which it desires the instruction of the Supreme Court for proper decision," this court will not abuse this privilege, but, in recognition of the vast amount of labor now imposed upon that tribunal, will exercise this right sparingly.

3. The decisions of the Supreme Court are binding on this court as precedents. This court has no power to overrule or modify them, and, under Rule 31, will not make certification to the Supreme Court for the purpose of having any decision modified or overruled, unless, upon a consideration of the question, this court is "of opinion that the decision should be modified or overruled, or that the question is one of so much doubt that it should be referred to the Supreme Court for decision."

4. Those decisions of the Supreme Court which hold that the garnishee may set up that the funds in his hands belonging to the defendant are not subject to garnishment, and those which hold that a day-laborer can not waive or contract to waive the exemption of his wages from process of garnishment, are too sound in principle to be questioned.

5. The debtor can not, even by an independent contract based on a valuable consideration, make his wages earned as a day-laborer subject to garnishment.

6. An answer in behalf of a corporation to a summons of garnishment may be verified by any agent who can and will depose positively to the facts stated therein.

Certiorari, from Fulton superior court—Judge Pendleton. July 11, 1907.

Argued November 26,—Decided December 20, 1907.

*John G. Walker,* for plaintiff.

*Tye, Peeples, Bryan & Jordan,* for defendant.

POWELL, J. While the record is voluminous, two points are controlling. The defendant gave the plaintiff a note wherein he expressly waived his right of exemption from garnishment as to the wages earned by him while in the employment of the garnishee;

afterwards, in order to get a garnishment proceeding then pending dismissed, he contracted that his wages now in question should not be exempt, but should be subject to garnishment. If either of these agreements is enforceable, the judgment in the garnishee's favor is erroneous. The other point is that the answer of the garnishee was not properly verified. The timekeeper of the garnishee (a corporation) verified the answer positively. It appeared from the evidence that he was cognizant of the facts. The immediate exception before us is to the overruling, in the superior court, of a certiorari brought to reverse a judgment in the justice's court in favor of the garnishee, who admitted funds but set up that they were not subject.

1. The plaintiff in error vigorously assails a long line of decisions of the Supreme Court holding that the garnishee may set up that the wages in his hands are not subject to garnishment, and also the decisions that hold or tend to hold that the debtor can not make them subject by a waiver. These decisions and the effect of them, it is contended, seriously impair many of the plaintiff's constitutional rights. The attack is multiform. Among other things, it is said that these decisions are violative of the constitution because they amount to legislation by the judicial department. Asserting that a constitutional question is thus raised, it is suggested that this court certify it to the Supreme Court. No such constitutional question is presented as to require certification. See constitutional amendment establishing the Court of Appeals (Acts of 1906, p. 26); *Fews* v. *State,* 1 *Ga. App.* 122 (58 S. E. 64); *Hammock* v. *State,* 1 *Ga. App.* 126 (58 S. E. 66); *Anderson* v. *State,* 2 *Ga. App.* 1 (58 S. E. 401).

2, 3. Request is also made to review some half dozen Supreme Court decisions announcing rulings of the nature indicated above; to the end that they may be modified or overruled. It is recognized by able counsel for the plaintiff in error that the decisions of the Supreme Court are binding on this court as precedents, and that we have no power to overrule or modify them; and we are therefore requested to certify the question of their review and overruling to the Supreme Court. We have this power. However, in the light of the fact that the Supreme Court of this State, with the quota of work coming to it through the ordinary channels, is required to perform a volume of labor unequaled by any other

similar tribunal in this world, save only this court, we are hesitant in transferring additional burdens to it. Rule 31 of this court provides: "Whenever counsel in a case in this court desires to question or to review one or more decisions of the Supreme Court. for the purpose of having the same modified or overruled, a written request to that effect shall be expressly presented in the brief of counsel. If, upon consideration of the question, this court is of opinion that the decision should be modified or overruled, or that. the question is one of so much doubt that it should be referred to· the Supreme Court for consideration, this court will certify such question to the Supreme Court."

4. The argument of counsel against these precedents of the Supreme Court, while vehement, is gracious. His expressions of veneration for the judges who made these rulings are abundant; his attack upon the decisions themselves unsparing. For example, he· says, "With profoundest respect for Georgia's chief judiciary, and with veneration and fond recollections of having known and loved some of the former chief judiciary (than whom no State can boast of abler jurists or better men), the plaintiff questions their former rulings; also observing that nature lent them, as us, lame Reason's. lamp, instead of unerring intuition, to light the way of truth in theirs, now our little nursery." Somehow, this brings to our mind an episode narrated of the memorable Jack Falstaff: "Falstaff: Sirrah, what says the doctor to my water? Page: He said, sir, the water itself was a good, healthy water; but, for the party that owed it, he might have more diseases than he knew for."

In this case, however, counsel condemns the water and praises. the men who owed it. We can condemn neither. To our minds. the decisions are absolutely sound in law and in reason.

5. Instead of limiting the Supreme Court decisions upon the inability of laborers to waive exemptions from garnishment, this. court has, in the recent case of *Traders Investment Co. v. Macon Ry. & Light Co.*, 3 *Ga. App.* 125 (59 S. E. 454), extended them. Such contracts, whether general or special, whether made in connection with the incurring of the original indebtedness or made· subsequently upon new consideration, are contrary to public policy. Contracts contrary to public policy, no matter how solemnly or explicitly made, are void. Civil Code, § 3668. The exemption from process of garnishment is a limitation upon the scope of the·

processes of the court. The "so far shall thou go and no further" of the law can not be repealed even by those to whose benefit the prohibition may in individual case inure. The arm of the court, made short by the law itself, can not be extended by the act of the parties.

6. The verification of the answer of the garnishee by the time-keeper was sufficient. *Plant* v. *Mutual Life Ins. Co.*, 92 *Ga.* 636 (19 S. E. 719).                                    *Judgment affirmed.*