## 5385.   CENTRAL OF GEORGIA RAILWAY COMPANY *v.* DICKERSON.

1. The process of garnishment served upon the agent of the railway company was valid and the court had jurisdiction, for there was a garnishment proceeding pending in Walker county, based on a judgment in favor of the plaintiff, which, so far as appears, was proper and regular, and the summons of garnishment (according to the entry of service by the deputy sheriff of Walker county, which was not traversed) was served upon an agent who had charge of its office and place of business within the jurisdiction of the court, as provided by section 2260 of the Civil Code. Under the provisions of section 5278 of the Civil Code, it was the duty of the officer issuing the summons of garnishment to make two copies of the proceeding and to return a certified copy of the proceedings to the justice's court in Chattooga county. It must be presumed, in the absence of proof to the contrary, that the magistrate performed his duty. Non-performance of this duty is not a matter which concerns the garnishee except so far as it may affect the garnishee's interests, and it must be specially pleaded.
2. An attorney at law of a corporation which is summoned as a garnishee can not, in that capacity, make answer to a summons of garnishment on behalf of the corporation. Where a corporation is summoned as a garnishee, the answer must be made either by one of its servants or agents who has actual personal knowledge of the state of its dealings

with the defendant, or by an officer of the corporation to whom such knowledge will be imputed by law; and in every case it must appear that the person making the answer on behalf of the corporation had authority to answer in its behalf and to bind it by his answer.

3. The answer of a garnishee may be amended, but in the present case (not only because the attorney at law of the corporation was not authorized to answer the summons of garnishment, but also because the purported answer was verified only upon information) the alleged answer ,was a nullity, and the court did not err in disallowing the proposed amendment, for the reason that there was nothing to amend by.

4. The courts will not set aside a judgment against a garnishee who fails to answer, unless some good and satisfactory reason (the validity of which is addressed to the discretion of the court) be shown therefor (*Russell* v. *Bank*, 50 *Ga.* 575) ; and for ·the same reason, the grant of permission to file an answer after the first term is addressed to the sound discretion of the trial judge. "The garnishee is required by statute to answer at the first term. After the second term the court has no discretion, but can only allow the answer to be then filed for some reason legally sufficient to excuse the failure." *Jones* v. *Bibb Brick Co.*, 120 *Ga.* 321 (9), 328 (48 S. E. 25).

5. For the reasons stated above, the court did not err in declining to allow the garnishee to file an answer made by its assistant accountant which was offered at the fourth term of the court, nor in striking the answer made by the attorney at law, nor in directing a verdict against the garnishee, nor in overruling the motion for a new trial.

DECIDED SEPTEMBER 29, 1914.·

Garnishment; from Walker superior court—Judge Wright. November 12, 1913.

*J. Branham, Maddox & Doyal,* for plaintiff in error.

*D. F. Pope,* contra.

RUSSELL, C. J. Under provisions of section 5278 of the Civil Code, Dickerson, who had a judgment against Woods, rendered in Chattooga county, obtained from the justice's court in Chattooga county, on October 1, 1910, a copy of the ·judgment, with an attached certificate verifying the copy, and upon presentation and delivery of the certified copy of the judgment to R. G. Phillips, justice of the peace in Walker county, on June 19, 1911, Phillips issued summons of garnishment, which was served upon W. M. Housch, as agent in charge of the office and business of the Central of Georgia Railway Company in the 871st district, G. M., Walker county. In response to this summons an answer was filed in behalf of the Central of Georgia Railway Company, by J. P. Shattuck, as its attorney at law, who swore that the facts stated therein were true to the best of his knowledge, information, and belief. The alleged answer filed by Shattuck was made July 26, 1911, and was

traversed on August 3, 1911, and notice of the traverse was served personally upon Shattuck as attorney of record. On September 7, 1911, judgment was rendered in the justice's court in favor of the traverse; and accordingly judgment was taken against the garnishee for the amount of Dickerson's judgment against Woods. The Central of Georgia Railway Company appealed the case to the superior court, and on August 12, 1912, attempted to amend the answer previously filed in the justice's court by Mr. Shattuck, as attorney at law for the railway company, by an answer made by J. C. Horton, assistant accountant of the company. The court refused to allow the amendment, and exceptions pendente lite were filed. The court then struck the answer of J. P. Shattuck, purporting to be the answer of Central of Georgia Railway Company, upon the ground that it constituted no answer on the part of the garnishee, and directed a verdict in favor of the plaintiff as against the garnishee. The garnishee made a motion for a new trial, and excepts to the judgment overruling the motion. In addition to the usual grounds that the verdict is contrary to law, to evidence, and to the principles of justice and equity, it is insisted in the motion for a new trial that the certified transcript of the record of the judgment in the justice's court of the 968th district, G. M., of Chattooga county, in the case of R. N. Dickerson against J. T. Woods (which was the only evidence introduced), is insufficient to support the verdict, for the reason that it is not made to appear that there was any execution issued upon the judgment, and that if no execution issued, the judgment must be presumed to have been settled and discharged. The 4th and 5th grounds of the motion for a new trial, in which error is assigned upon the court's ruling in refusing to allow the amendment to the answer and in striking the answer filed by Mr. Shattuck, can not be considered, since they fall under the well-settled rule that errors in rulings upon the pleadings furnish no ground for a motion for new trial; and the same statement applies to so much of the 7th ground as relates to the court's rulings in refusing to allow the amendment and in striking the answer filed by Shattuck. In the 6th ground of the motion for a new trial, exception is taken to the judgment directing a verdict. In an amendment to the motion for a new trial the movant again attempted to assign error upon the refusal to allow the amendment to the answer filed by Shattuck, and the striking of the answer

thus filed, and set forth in full all of the proceedings in the justice's court and in the superior court, but as the only exception is the same as presented by the 4th and 5th grounds of the original motion, the question presented, of course, can not be considered. It could not be raised except by direct exception or exceptions filed pendente lite.

The great bulk of the briefs in this case, the numerous citations of authority, and the earnestness with which the case is argued in the briefs, as well as the well-deserved reputation of the eminent counsel who represent the plaintiff in error, for profound learning, not only in the law but in literature as well, unconsciously impressed us so seriously that we were at first inclined to believe that perhaps the learned trial judge had committed a grave error and had outraged some of the most sacred principles of the law and perverted our Civil Code, to the injury of civil justice, and we suspected that, though the amount involved was small, the case was of serious moment on account of the principles involved, and because of the probable far-reaching consequences of our decision; and we were prepared to proceed to the utmost limit of laborious research in an endeavor to ascertain the truth, and, if possible, to administer justice in accordance with the laws of the land, regardless of the fact that the amount involved was small. But as a result of patient investigation we find this case, after all, is of that common variety known as a "tomtit," though vestured in all the plumage of a peacock. There was no error in any of the rulings of the trial judge, and we are constrained to repeat the inquiry of one of old (afflicted in like manner as we),—"who is this that darkeneth counsel by words?" (Job, 38:2. See also Job, 42:3.)

Dickerson had gotten a small judgment in a justice's court in Chattooga county against Woods. Perhaps he had heard, as creditors sometimes do, that certain persons, whose solvency could not be questioned, owed Woods certain sums of money which might be reached and from which he might collect his judgment. It appears from the record that one of these debtors was W. D. Mize and another was the First National Bank of LaFayette. Summons of garnishment was served upon the cashier of the bank and upon Mize. The record, of course does not show, nor is it material, what action was finally taken on the summons served upon Mize and the cashier of the bank. They were served with summons on June 21,

1911. On July 6, 1911, the plaintiff (perhaps having heard that the Central of Georgia Railway Company also owed his judgment debtor, Woods, or had some effects of Woods in its hands) had summons of garnishment served upon the agent in charge of the office and business of the railway company, in the district in which the garnishment was pending. The entry of service is in accordance with the ruling of the Supreme Court in *Hargis* v. *East Tenn. &c. Ry. Co.*, 90 *Ga.* 42 (15 S. E. 631).

In ruling upon the questions presented by learned counsel for the plaintiff in error, we will first inquire whether the garnishment proceeding was valid. The contention of counsel for the plaintiff in error is that the court had no jurisdiction. Section 2260 of the Civil Code provides, that where a corporation has an agent and a place of business in any county or district in which there may be a suit, attachment, or judgment, upon which garnishment is sought against the corporation, the court in which the proceedings are pending upon which the garnishment is based shall have jurisdiction also of the garnishment proceeding, and service of summons of garnishment upon the agent in charge of the office or business of the corporation in the county or district at the time of service shall be sufficient service. See also section 5270. Before the summons of garnishment was served upon Mize and the cashier of the First National Bank of LaFayette, Dickerson, the plaintiff, had made an affidavit before Phillips, justice of the peace, stating that Woods was indebted to him upon the judgment obtained in the 968th District, G. M., of Chattooga county, and that he apprehended loss of the sum named in the judgment, or some part thereof, unless the process of garnishment issue. He had also given the usual garnishment bond, properly approved. This proceeding was pending in Walker county, and so far as appeared before the trial judge or to us, Mize and the First National Bank of LaFayette are both residents of Walker county. Section 5278 provides, that when any of the persons sought to be garnished reside in a different county from that in which the judgment was obtained, the plaintiff may make affidavit and give bond in any county in the State, before an officer authorized to issue attachments, and it will be the duty of the officer taking such affidavit and bond to make out a copy thereof and certify the same to be true, and to issue summons of garnishment for such persons as he may be directed by the plaintiff, requiring them

to appear at the next superior or justice's court of the county of the garnishee's residence, according as such judgment was obtained in the superior or justice's court, then and there to depose according to the provisions of the law; and it shall be the duty of the officer serving the summons to return or transmit the certified affidavit and bond, together with his actings and doings thereon, to the superior or justice's court of the county in which the judgment was obtained, and to return the original affidavit and bond to the court where such person is summoned to appear, with his actings and doings thereon, and all subsequent proceedings shall be the same as prescribed by the code in relation to garnishment in cases of attachment, where the garnishee resides out of the county in which the attachment is returnable. Section 5096 provides, that when a plaintiff desires to garnish persons not residing in the county in which the attachment issues, it shall be the duty of the magistrate to make out a copy of the affidavit, bond, and attachment, and certify the same to be a true copy; and upon the delivery of such copy to any magistrate or other person authorized by law to issue attachments in the county in which the person sought to be garnished resides, it shall be the duty of such magistrate to make out a summons of garnishment for such persons as he may be requested to do so, requiring them to be and appear at the next court of the county in which it issued, and depose as prescribed by law.

It will be seen from this that the defendant in error proceeded in accordance with law. The Central of Georgia Railway Company, as we judicially know, is a resident of Chatham county,—the situs of its principal office,—and is not a resident of Walker county, but under the statute passed in 1884 and embodied in the code section to which we have referred (§ 2260), it could be required to answer summons of garnishment in Walker county if it had an agent in that county in charge of its office or business, upon whom service could be perfected. The entry of service of the deputy sheriff of Walker county was not traversed. It must, therefore, be taken as true. In the return of the entry of service it is stated that Housch is the agent of the company in charge of its office and business in the said district and county in which the garnishment proceedings were pending. So there is nothing in the point as to the court's lack of jurisdiction. For the convenience of the *garnishee,* the

law permits him to answer the summons of garnishment in the county of his residence, instead of compelling him to go to the county where the suit is pending or the judgment is obtained. The officer who issues the summons of garnishment is required to make two copies of the proceeding and it is made *his* duty to return a certified copy to the court in which the suit is pending or in which the judgment was obtained, so as to keep that court advised as to the status of the litigation, and so as to afford protection to the original defendant from an overpayment or a second payment of the same demand, in case the garnishment catches enough funds to pay the debt. But the magistrate's performance or non-performance of *his* duties is none of the garnishee's concern. He is permitted to answer the summons, if an individual, in the county of his residence. If the garnishee is a corporation, the law requires it to answer wherever it may have an office and place of business in the charge of an agent upon whom service may be and is actually perfected.

The only other point which presents itself in the present case is that raised by the exceptions pendente lite as to the rulings of the court in disallowing the amendment offered to the purported answer, and in striking the answer filed by J. P. Shattuck as attorney at law for the garnishee; and this goes back to the single inquiry as to whether the attorney at law of a corporation can, in behalf of the corporation, answer a summons of garnishment which requires the corporation to disclose whether it is indebted to a defendant or had any of his property in its possession at the time designated in the summons. We think that the decision in *Plant* v. *Mutual Life Insurance Co.*, 92 *Ga.* 636 (19 S. E. 719), is controlling upon the point. An attorney at law is not such an officer of a corporation as is qualified to make the answer required by law or to bind the corporation by the answer if made by him. The attorney at law is employed for the discharge of services of a legal nature. The inquiry put on foot by a summons of garnishment is directed to the financial and business affairs of a corporation, of which the attorney at law presumably has no definite knowledge. Of course, under the ruling in *Walker* v. *Swift Fertilizer Works*, 3 *Ga. App.* 283 (59 S. E. 850), in which we held that an answer in behalf of a corporation to a summons of garnishment may be verified by an agent who can and will depose positively to the facts stated therein,

if it should happen that the attorney at law was connected with the corporation in other relations besides that of attorney, he might make the answer in his capacity as an agent of some kind charged with the knowledge of its financial status. However, it required legislative action to enable attorneys to verify statements in pleadings to the best of their knowledge and belief, and, as has frequently been pointed out by the Supreme Court, verification to the best of one's knowledge and belief does not supply the place of a positive statement of the actual facts where such 'a statement is necessary. *Bryan* v. *Ponder,* 23 *Ga.* 482, 484; *Stancel* v. *Puryear,* 58 *Ga.* 445; *Martin* v. *Lamb,* 77 *Ga.* 256 (3 S. E. 10) ; *Sprinz* v. *Vannucki,* 80 *Ga.* 774 (6 S. E. 816).

In the case of *Plant* v. *Mutual Life Ins. Co.,* supra, the question as to whether an attorney at law could verify the answer to a summons of garnishment was squarely presented by an amendment in which the attorney at law proposed to swear to the best of his knowledge and belief that the contents of the garnishee's answer were true. Rockwell, an agent of the garnishee, had verified the purported answer by an affidavit in which he deposed that it was true to the best of his knowledge and belief. When this affidavit was objected to, counsel for the garnishee added his affidavit that "he is an attorney at law of" the garnishee, and that the answer was true. This was objected to, but the court held the verification sufficient. The Supreme Court in its decision, however, said: "There is no provision of law authorizing the verification to be made by one who does so simply as an attorney at law, and who does not profess to be the agent of the party otherwise than in that capacity ; and we do not think such a verification is sufficient." It was held then that an attorney at law can not answer a summons of garnishment, even if he swears positively ; and under the rulings in the cases we have cited above, the affidavit as made by Shattuck would be insufficient even if the ruling in the *Plant* case had never been made, it not being positively sworn to. For this reason there can be absolutely no question but that the words "Atty. at law for the Central of Ga. Ry. Co.," at the conclusion of the answer filed by Shattuck, must be treated as merely descriptio personæ. The answer is nothing more than the answer of Shattuck as an individual, and is wholly irrelevant, for the sufficient reason that that individual was never summoned to answer. The court, therefore,

correctly refused to allow the assistant accountant's answer to be filed in the guise of an amendment. There was nothing to amend by. There was no answer. The court's action later, in striking the answer filed by Shattuck, was a proper disposition of a totally irrelevant matter. Since no answer had ever been filed within the time provided by law, the direction of the verdict in favor of the plaintiff, upon proof that he had already obtained a judgment against the original defendant, followed as a matter of course. In the exercise of his discretion, the judge might have allowed the answer of the assistant accountant (which was tendered as an amendment) to be filed as an original answer, if it had been tendered as such at the second term, but after that time no such discretion existed. The alleged answer of the assistant accountant was not tendered as an answer, but even if it had been, the court could not have allowed it, for it was too late.

The point that the certified transcript of the record of the judgment in Chattooga county is insufficient to support the verdict (raised in the 3d ground of the motion for a new trial and heretofore referred to) appears to have been abandoned, since it is not referred to in the briefs of counsel for the plaintiff in error. However, the plaintiff in garnishment can not obtain a judgment against the garnishee until he shows that he obtained a judgment against the original defendant; and we are not aware that a presumption arises in this State that a judgment has been discharged or paid, because an execution did not issue, other than the presumption embodied in the statute of limitations applicable to the judgment.

*Judgment affirmed. Roan, J., absent.*