NESMITH v. NESMITH et al.

HILL, J. 1. The caption of the act of 1914 (Acts 1914, p. 99) is as follows: "An act for the regulation and control of all fraternal benefit societies; to prescribe their admission into this State, the amount of license fees for each society, how they may be excluded from the State; and for other purposes." Section 21 of the act provides that "No money or other benefit, charity, or relief, or aid to be paid, provided, or rendered by any such society shall be liable to attachment, garnishment, or other process, or be seized, taken, appropriated, or applied by any legal or equitable process or operation of law to pay any debt or liability of a member or beneficiary, or any other person who may have a right thereunder, either before or after payment." The section just quoted does not violate art. 3, sec. 7, par. 8, of the constitution of Georgia (Civil Code of 1910, § 6437), which provides that "No law or ordinance

shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof."

2. Nor is section 21, supra, obnoxious to art. 1, sec. 4, par. 1, of the constitution (Civil Code of 1910, § 6391), which provides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." It is not a special law and in violation of Civil Code (1910), § 5272, which provides that "All debts owing to the defendant, and all property, money, or effects of the defendant, coming into the hands of the garnishee at or within the times designated in the preceding section, shall be subject to process of garnishment, whether the garnishee had anything in his hands or was indebted anything to the defendant at the time of the service of the summons or not." *Union Savings Bank* v. *Dottenheim*, 107 *Ga.* 606, 622 (34 S. E. 217).

3. Nor is section 21, supra, void and unenforceable for the reason that it violates art. 3, sec. 7, par. 17, of the constitution (Civil Code of 1910, § 6445), which provides that "No law, or section of the code, shall be amended or repealed by mere reference to its title, or to the number of the section of the code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made."

4. Section 21, supra, is not void and unenforceable for the reason that it violates art. 6, sec. 4, par. 3, of the constitution (Civil Code of 1910, § 6512), which provides that "Said court shall have jurisdiction in all civil cases, except as hereinafter provided." It does not attempt to take away from the courts the right and jurisdiction to subject property or funds of debtors to claims of creditors in garnishment proceedings.

5. It was not error to allow the defendant to offer in evidence the certificate of insurance in the instant case, over the objection that it was irrelevant and immaterial, and that it was not proved or shown to be a policy or certificate lawfully or properly issued by the Woodmen of the World, nor the signatures proved, and that it was a valid policy of insurance.

6. Under the act of 1914, supra (sec. 32), the provision exempting fraternal benefit societies from garnishment does not apply to such societies whose membership does not exceed five thousand members. One of the general provisions of the act is (sec. 21) that such societies shall be free from garnishment. The burden is on the society when garnished, and the answer is traversed (*Pupke* v. *Meador*, 72 *Ga.* 230 (2) ; *Barkley* v. *May*, 3 *Ga. App.* 101, 105 (59 S. E. 440), to show that the membership exceeds five thousand, and that it has complied with the other requirements of the statute, in order to free itself from garnishment. This burden was not carried by such society in the present case; and for this reason the court erred in directing a verdict in its favor.

7. Other assignments of error are without merit.

*Judgment reversed.     All the Justices concur.*

No. 3909.   April 23, 1924.

Garnishment.   Before Judge Spooner.   City court of Bainbridge.   July 24, 1923.

Mrs. Alma NeSmith, as administratrix of the estate of Hubert

NeSmith, brought suit in the city court of Bainbridge against Oscar NeSmith, on a contract, and recovered a judgment for $1000 principal, besides interest and cost. Hubert NeSmith during his lifetime obtained a policy of insurance with the Sovereign Camp of the Woodmen of the World, and had Oscar NeSmith made the beneficiary in the policy. A summons of garnishment was secured by Mrs. NeSmith as administratrix, and it was served on the Sovereign Camp of the Woodmen of the World. The latter filed an answer in which it admitted that it had in its possession the sum of $993.72, which sum it was admitted it owed to Oscar Ne-Smith as beneficiary under its insurance certificate dated January 23, 1920, upon the life of Hubert NeSmith, a member of the said Woodmen of the World. In other paragraphs of the answer the garnishee alleges that it is a fraternal, beneficial association, and that it is incorporated, organized and existing under the laws of the State of Nebraska, and is licensed to transact business as such in the State of Georgia; it denies liability under the garnishment proceedings, on account of the provisions of section 21 of the act of 1914 (Acts 1914, p. 99), which reads: "No money or other benefit, charity, or relief, or aid to be paid, provided or rendered by any such society shall be liable to attachment, garnishment, or other process, or be seized, taken, appropriated, or applied by any legal or equitable process or operation of law to pay any debt or liability of a member or beneficiary, or any other person who may have a right thereunder, either before or after payment." The answer further alleged that under the provisions of the act of 1914, supra, the benefit due by the Sovereign Camp of the Woodmen of the World to Oscar NeSmith is not subject to garnishment for any debt of Oscar NeSmith, and that the garnishee should not be subject to such garnishment proceedings, but the same should be dismissed. A traverse of the answer of the garnishee was filed by the plaintiff, alleging that section 21 of the act of 1914 is void and unenforceable, as being in violation of the constitution of the State of Georgia upon various grounds.

Upon the trial the plaintiff introduced the first paragraph of the answer of the garnishee, admitting that it had in its hands the amount of money set out above; also the pleadings, verdict, and judgment in the case of Alma NeSmith, administratrix, v. Oscar NeSmith. The garnishee introduced in evidence the certificate

of insurance of the Woodmen of the World issued to Hubert Ne-Smith, naming Oscar NeSmith as the beneficiary. M. E. O'Neal testified that this certificate of insurance was turned over to him by Oscar NeSmith, and was the original certificate of insurance under which Oscar NeSmith claimed the $1000 due by the Woodmen of the World. At the close of the evidence the court directed a verdict finding the property not subject, and the plaintiff excepted.

*D. R. Bryan* and *T. S. Hawes,* for plaintiff.