26640. HARRISON et al. v. HARRISON.

SUBMITTED SEPTEMBER 15, 1971—DECIDED OCTOBER 7, 1971.

*Harrison & Garner, G. Hughel Harrison,* for appellants.
*Glyndon C. Pruitt,* for appellee.

MOBLEY, Presiding Justice. In the divorce action brought by Doris Ann Harrison against O. D. Harrison the jury returned a verdict granting the wife a divorce, custody of the minor children, and alimony for their support. The jury gave residence property to the wife as alimony, and ordered cancellation of a deed conveying this property which had been executed by the husband to his sister, Mrs. J. M. Harrison Lowe, at a time when the husband and wife were separated, but prior to the filing of the divorce petition by the wife.

The husband and sister appealed from the verdict of the jury and the judgment entered thereon. The errors enumerated are the refusal to grant the motion for directed verdict of the appellants, and the denial of their motion for new trial, as amended. The only issue argued in this court is the sufficiency of the evidence to support that portion of the verdict canceling the deed from the husband to his sister.

"When a suit for divorce and alimony is pending or is prospective, the husband can not dispose of his property to another for the purpose of defeating the recovery by his wife of alimony, if such purpose is known to the party taking, or he has reasonable grounds to suspect that the husband intends to accomplish this purpose by his conveyance." *Bridges v. Donalson,* 165 Ga. 228, 233 (140 SE 497); *Von Kamp v. Gary,* 204 Ga. 875 (52 SE2d 591). This is true

even though the deed was made in payment of a valid pre-existing debt due by the husband to the grantee. *McCallie v. McCallie,* 192 Ga. 699, 700 (16 SE2d 562); *Lewis v. Lewis,* 210 Ga. 330, 335 (80 SE2d 312).

The facts and circumstances shown by the evidence authorized the jury to find that the husband had a fraudulent intent in conveying his property to his sister. There is an absence of evidence, however, to indicate that the sister had knowledge, or grounds for reasonable suspicion, that the husband had a fraudulent intent in conveying the property to her. The fact of the relationship between the husband and his sister would authorize a more careful scrutiny of the transaction than if it had been between strangers, and might be considered by the jury in connection with other evidence on the question of fraud and lack of good faith, but such relationship does not of itself prove that the grantee had knowledge of the fraudulent intent of the grantor. *McCallie v. McCallie,* 192 Ga. 699, 701, supra; *Milligan v. Milligan,* 209 Ga. 14 (3) (70 SE2d 459); *Lewis v. Lewis,* 210 Ga. 330, 334, supra.

It is contended by the wife that the answer of the husband and his sister to the amendment to the petition was verified by the oath of the husband only, that the sister never filed any legal defensive pleadings and did not appear in court, and that the case was in default as to her.

The amended petition alleged the fraudulent act of the husband in executing the deed to his sister, but did not allege that the sister had notice of the fraud. The record does not show that the amended petition was served on the sister, or that the trial judge required that she answer the amended petition within any given time. See *Code Ann.* § 81A-115 (d) (Ga. L. 1966, pp. 609, 627; Ga. L. 1968, pp. 1104, 1106). An answer to the amendment was filed in the name of both defendants, and the allegations of fraud in the execution of the deed were denied. Unless otherwise provided by law, an answer need not be verified by oath. *Code Ann.* § 81A-111 (Ga. L. 1966, pp. 609, 622). The divorce statute requires that the petition for divorce be veri-

fied, but does not require that the answer be verified. *Code Ann.* § 30-105 (Ga. L. 1967, p. 761). Judgments by default can not be taken in divorce actions. *Code Ann.* § 30-113 (Ga. L. 1967, pp. 226, 246); *Johnston v. Still,* 225 Ga. 222 (167 SE2d 646). There is thus no merit in the contention that the case was in default by the sister, or that the essential proof as to her knowledge was admitted by her in failing to plead.

The evidence entirely failed to show any knowledge on the part of the sister of the fraudulent intent of the husband to convey his property to defeat his wife's claim for alimony, or any circumstances indicating that she had grounds for reasonable suspicion of such intent. The trial judge erred in failing to grant the motion for new trial on the ground that the evidence was insufficient to support the award of the property to the wife.

There was ample evidence to support an award of alimony to the wife, and the jury gave her the residence owned by the husband. We therefore will not direct that judgment be entered in accordance with the motion of the husband to direct a verdict removing from the jury any question of setting aside the deed, but direct that a new trial be granted on the entire matter of alimony for the wife, including the issue of the alleged fraudulent conveyance of property by the husband to defeat his wife's claim for alimony. See *Code Ann.* § 81A-150 (e) (Ga. L. 1966, pp. 609, 656; Ga. L. 1967, pp. 226, 237; 246, 248).

The divorce granted to the wife, and the child custody and support award, have not been attacked in this appeal. These provisions of the judgment are affirmed. The provision of the judgment canceling the deed from the husband to his sister is reversed, with direction that a new trial be held on the matter of alimony for the wife, including the issue of the alleged fraudulent conveyance of the property awarded to the wife as alimony.

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*