## 48797. BEN O'CALLAGHAN COMPANY v. ROSE, SILVERMAN & HUNT.

QUILLIAN, Judge.

This case is an appeal from the dismissal of plaintiff's traverse to an answer of garnishment. On a prior appearance before this court, *Security Dev. &c. Co. v. Ben O'Callaghan Co.*, 125 Ga. App. 526 (188 SE2d 238), the judgment of the plaintiff on a note for air conditioners installed in an apartment complex was affirmed. While the original suit was pending the plaintiff filed an affidavit and bond for garnishment along with a summons against the garnishees (appellees in this court). The garnishees filed an answer denying they were indebted to the defendant Security Development and Investment Company.

The plaintiff traversed the answer to the garnishment and attached thereto the affidavits of John M. Sikes, Jr. as attorney for the plaintiff. This affidavit set forth that the facts in the traverse were true and correct. The traverse recited: "Comes now Ben O'Callaghan Company, plaintiff in the above case, and traverses the answer of Rose, Silverman & Hunt, Garnishee and says: 1. That each and every paragraph and each and every statement in the answer of said Garnishee is untrue."

Subsequently, the garnishee filed a motion to

dismiss the plaintiff's traverse of the answer to the garnishment on the grounds that the same failed to state a claim against the garnishees on which relief could be granted. After a hearing, the trial judge sustained the garnishees' motion to dismiss the traverse. The question presented by this appeal is whether a traverse to an answer of garnishment must be verified by the party traversing the answer and not by an attorney for such party. *Held:*

1. The law is very specific in requiring that the garnishment be supported by an affidavit and that the answer to such garnishment be verified. Code Ann. §§ 46-102 (Ga. L. 1964, p. 220) and 46-105 (Ga. L. 1962, pp. 717, 718; 1964, pp. 220, 221). The provisions of Code § 81-401 are: "In all cases where the plaintiff shall file a petition with an affidavit attached that the facts stated in the petition are true to the best of his knowledge and belief, the defendant shall in like manner verify any plea or answer."

The Code section providing for traverse states: "The plaintiff or claimant, or both of them, may traverse said answer, and the issue upon said traverse shall be submitted to a jury as other issues upon the answer of garnishee." Code § 46-303.

As set out in the cases dealing with a traverse, its purpose is to bring in issue the authenticity of the answer to the summons of garnishment. The traverse is a denial. *Harris v. Exchange Bank of Fort Valley,* 17 Ga. App. 700 (1) (88 SE 40). "The traverse may be amplified at the option of the plaintiff, but nothing more is necessary to bring in question the liability of the garnishee to a garnishing creditor than an unqualified, though general, denial of the truth of the garnishee's answer." *Rainey v. Eatonton Co-Op. Creamery, Inc.,* 69 Ga. App. 547, 550 (26 SE2d 297).

We recognize the rule set forth in *Central of Ga. R. Co. v. Dickerson,* 15 Ga. App. 293 (2) (82 SE 942), that an attorney at law of a corporation summoned as a garnishee cannot in that single capacity make answer to a summons of garnishment on behalf of the corporation. The case goes on to hold "the answer must be made either by one of its servants or agents who has actual personal

knowledge of the state of its dealings with the defendant, or by an officer of the corporation to whom such knowledge will be imputed by law; and in every case it must appear that the person making the answer on behalf of the corporation had authority to answer in its behalf and to bind it by his answer."

In considering this question which has no direct precedent that we have been able to glean from Georgia authority, we have reviewed various forms used for traverses. It seems in long ago times that there were no requirements for any verification whatsoever. Later form books merely specified verification, while the latest have included a place for verification by the attorney. These form books, while they have great value for information, are not of any binding effect. Two of the older cases which we have reviewed disclose that in each of them there was no verification of the traverse. *Barkley v. May,* 3 Ga. App. 101 (59 SE 440); *Turner v. Rosseau,* 21 Ga. 240. Both of the cases did deal at great length with the validity of the traverse and therefore must be considered at least as physical precedent for the holding that a traverse need not be verified.

In considering the function of the traverse which is merely a denial, the older cases, the records of which we have reviewed, and the plain logic of our present practice to get away from unnecessary requirements and details, we think that the correct rule to follow is that the traverse need not be verified. Hence, in this case, especially where there was verification by the plaintiff's attorney, the traverse was sufficient. We observe that the Civil Practice Act applies "to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law." CPA § 81 (Code Ann. § 81A-181; Ga. L. 1966, pp. 609, 668; 1967, pp. 226, 241; 1968, pp. 1104, 1109). Section 11 of the Civil Practice Act (Code Ann. § 81A-111; Ga. L. 1966, pp. 609, 622) provides: "Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit." Here, analogous to *Harrison v. Harrison,* 228 Ga. 126, 127 (184 SE2d 147), although the garnishment and answer thereto must be verified there is no specific

requirement as to the traverse. There is also support for this holding in foreign authority which points out that where a statute does not specifically require verification, then none is necessary. 38 CJS 471, Garnishment, § 226 (d).

The trial judge erred in sustaining the motion to dismiss the traverse.

2. It is urged that if the merits of the traverse and the answer were considered, that a finding in favor of the garnishees would still be demanded. However, all the facts involved in this question are not before the court and we decline to make a ruling on what may be an incomplete showing as taken from the record.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED NOVEMBER 5, 1973 — DECIDED JANUARY 22, 1974 — REHEARING DENIED FEBRUARY 20, 1974 — ▮▮▮▮▮▮▮

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr., Winston H. Morriss,* for appellant.

*Rose & Stern, George S. Stern,* for appellee.

ON MOTION FOR REHEARING.

It is contended the questions raised on this appeal are moot because of the recent ruling by the three-judge panel of the U. S. District Court, Northern District of Georgia, which held that Code Ann. § 46-101 (Ga. L. 1952, p. 153), Code Ann. § 46-102 (Ga. L. 1964, p. 220), and Code § 46-402 are unconstitutional.

There is no merit in this argument because this issue was not raised below but for the first time on motion for rehearing. Moreover, here a judgment has already been obtained and we are bound by the ruling of the Georgia Supreme Court which has upheld the constitutionality of the statutes in question (*North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 231 Ga. 260 (201 SE2d 321)), and not by the ruling of the U. S. District Court. Art. VI, Sec. II, Par. VIII of the Constitution of Georgia (Code Ann. § 2-3708).