59184. OLE CAMPBELLTON CONSTRUCTION COMPANY, INC. v. DESERT INN & COUNTRY CLUB et. al.

DEEN, Chief Judge.

1. A party served with summons of garnishment must file an answer describing what money or other property is subject to the summons. Code § 46-501. "An answer in behalf of a corporation to a summons of garnishment may be verified by any agent who can and will depose positively to the facts stated therein." *Walker v. Swift Fertilizer Works,* 3 Ga. App. 283 (6) (59 SE 850) (1907). See also *Woodward Lumber Co. v. Watson, Vansant & Co.,* 8 Ga. App. 114 (1) (68 SE 622) (1910); *Cathcart v. Cincinnati, Hamilton &c. R. Co.,* 108 Ga. 253 (2) (33 SE 875) (1899).

2. The appellee, after obtaining a money judgment against one Ralph Eskew, garnished Ole Campbellton Const. Co. The latter filed its answer denying indebtedness, which answer was signed by the debtor Eskew along with an affidavit in which he swore that he was the registered agent of the garnishee. This answer was traversed by Desert Inn which denied its truth. The case apparently came up on the trial calendar but, after some colloquy between the court and counsel, the judge sustained the plaintiff's traverse and entered judgment for the full amount without hearing evidence. The garnishee appellant thereupon moved for a new trial and, in the event this court should find its answer had been properly stricken, for a modification of judgment as for garnishments in default.

3. Nothing more is necessary to bring in question the liability of the garnishee to a garnishing creditor than an unqualified, though general, denial of the truth of the garnishee's answer. *Barkley v. May,* 3 Ga. App. 101 (59 SE 440) (1943); *Ben O'Callaghan Co. v. Rose, Silverman & Hunt,* 131 Ga. App. 29, 30 (205 SE2d 45) (1974). "The purpose of a traverse to a garnishee's answer is to give the garnishee the right to be heard and for the protection of his rights and interests in the premises." *Kinnett v. Ryder Truck Lines,* 116 Ga. App. 363 (2b) (157 SE2d 316) (1967). "A statement in an answer that the garnishee is not indebted is not a conclusion, but a factual averment." *Fulton Nat. Bank v. Young,* 123 Ga. App. 91, 92 (179 SE2d 529) (1970). It follows that the answer was sufficient and prima facie sufficiently verified by the affidavit of Eskew. It was therefore error to enter up a final judgment against the garnishee without evidence and without a trial of the issue of whether or not it was in fact indebted to the judgment debtor. Of course, if on the trial of the case it should be proved that Eskew was not, as he swore, an

agent of the garnishee, this also would sustain the traverse, but neither of these issues can be determined without a proper trial.

*Judgment reversed and case remanded for a new trial. Birdsong and Sognier, JJ., concur.*

SUBMITTED JANUARY 11, 1980 — DECIDED MARCH 21, 1980.

*Richard A. Gordon,* for appellant.
*Lucian L. Sneed,* for appellees.