## ROGERS v. CONDON, GRAHAM & MILNER.

1. The evidence authorized the verdict.
2. In a suit by the servant against the master for an injury alleged to have resulted from the use of a defective tool, the declaration of one who was acting as foreman that he knew the tool was defective is inadmissible, unless made dum fervet opus, so as to become a part of the res gestæ.
3. The refusal to allow a certain question to be propounded to a witness in chief presents no ruling for review, unless the court was informed as to the nature of the expected reply.
4. The excerpts from the charge are not open to the criticisms made of them; and the court did not abuse his discretion in refusing a new trial.

DECEMBER 17, 1915.

Action for damages. Before Judge Jones. Habersham superior court. December 15, 1914.

*J. C. Edwards & Sons* and *T. L. Bynum,* for plaintiff.
*McMillan & Erwin,* for defendants.

EVANS, P. J. 1. The plaintiff was employed to operate a "steam liner drill" by the defendants, who were engaged in cutting

a tunnel under the earth's surface. Holes had been drilled in the rock, and charged with a high explosive. The operators withdrew while the blast was made. They returned to remove the dislodged rock. Pieces of rock overhead that had not fallen were removed with a crowbar. If firmly enough set to resist dislodgment by means of a crowbar, a steel bar, sharpened at one end and blunt at the other, called a "gad," was employed. The sharpened end was placed against the rock, and the blunt end was struck with a hammer. The tunnel was lighted by electricity, and the electric lights failed to give sufficient lights after the blast. The foreman in charge had just left, and called one of the laborers to take his place. The acting foreman directed the plaintiff to hold a lighted candle for the engineer; and while holding the candle, a laborer using a gad in the usual and customary way struck it with his hammer, causing a piece of steel of the size of a pinhead to fly off and hit the plaintiff in the eye, inflicting a serious injury. The declaration charged that the defendants were negligent in not maintaining a good electric-light service, in not providing a safe place to work, and in furnishing an improperly tempered gad for use by their laborers. The jury found for the defendants. The evidence developed that the plaintiff sustained his injury by a small piece of steel being thrown into his eye from a blow upon the gad by the use of a hammer in the usual and customary way. The temporary impairment of the electric-light service did not in any way contribute to the plaintiff's injury. The general rule of law declaring the duty of the master to furnish the servant a safe place to work is not applicable to such places as are constantly shifting and being transformed as a direct result of the servant's labor, and where the work in its progress necessarily changes the character for safety of the place in which it is performed, as it progresses. *Holland* v. *Durham Coal &c. Co.*, 131 *Ga.* 715 (63 S. E. 290). If the plaintiff was entitled to recover, it was because the defendants were negligent in furnishing an improperly tempered tool, known as a "gad." No witness testified as to the character of the particular gad which was being used, and the evidence authorized an inference that the master was not remiss in his duty in furnishing that particular tool.

2. Complaint is made in the motion for new trial that the court excluded from evidence the testimony of a witness that the acting

foreman had told him that the "gad" was in a hard and brittle state. It does not appear when the declaration was made. The foreman was a competent witness, and his sayings, not made dum fervet opus, so as to become a part of the res gestæ, are hearsay and inadmissible. *Carroll* v. *E. T., V. & G. R. Co.*, 82 *Ga.* 452 (10 S. E. 163, 6 L. R. A. 214).

. 3. A ground of the motion is that the court would not permit a certain question to be answered by a witness. It does not appear what the expected answer was, and that the court was informed what it would be. Such assignment of error is insufficient to bring under review the ruling of the court in disallowing the question. *Artesian Lithia Water Company* v. *Central Bank & Trust Corporation*, 138 *Ga.* 618 (75 S. E. 646).

4. The exceptions to the charge are without merit.

*Judgment affirmed. All the Justices concur.*