## 64883. SANDERS v. THE STATE.

DEEN, Presiding Judge.
As to the method of drawing traverse jurors, Code § 59-701 provides that at the same time and in the same manner that grand juries are drawn "the judge of the superior court shall draw out of the same compartment of the jury box 36 names to serve as petit jurors." To the same effect see Code § 59-108 (c). The appellant here complains that on three or four occasions during the physical drawing out of the cards containing the prospective jurors' names the judge, in the presence of the sheriff, the clerk of court, and others, allowed an infant of between four and six years to reach into the box and hand him a card, which he would then examine and read off the name written on it. The card would then be passed to the sheriff who would read it, give the address to the clerk who was typing the names and addresses as they were called out, and then place the card in the jury box.

A challenge to the array on the ground that persons other than the judge were choosing names of jurors was made and overruled; the defendant contended she was being denied a fair and proper jury, and on this basis we granted an interlocutory appeal. We now find ourselves in the position of the court set out in *Central of Ga. R. Co. v. Dickerson,* 15 Ga. App. 293, 296 (82 SE 942) (1914): "[T]he earnestness with which the case is argued in the briefs, as well as the well-deserved reputation of the eminent counsel who represent the plaintiff in error, for profound learning, not only in the law but in literature as well, unconsciously impressed us so seriously that we were at first inclined to believe that perhaps the learned trial judge had committed a grave error and had outraged some of the most sacred principles of the law . . . and we were prepared to proceed to the

utmost limit of laborious research in an endeavor to ascertain the truth, and, if possible to administer justice in accordance with the laws of the land . . . But as a result of patient investigation we find this case, after all, is of that common variety known as a 'tomtit,' though vestured in all the plumage of a peacock."

While it would be the better practice, the code does not require that the trial judge physically pass his own hand into the box in which the jurors' name cards are kept on every occasion, and grasp the card in his fingers before removing his hand from the interior of the box. The same result was reached when the small child drew a card while under his scrutiny and promptly handed it to him. In *State of Ga. v. Brantley,* 147 Ga. App. 569 (249 SE2d 365) (1978) the word "shall" was considered in a code section providing that the clerk *shall* issue a subpoena, *signed and sealed,* and the court held: "The signing and sealing of the subpoena amount to nothing more than ministerial acts which add nothing of substance to the subpoena . . . A statute is regarded as directory when no substantial rights depend on it, no injury can result from ignoring it, and the purpose of the legislature can be accomplished in a manner other than that prescribed, with substantially the same results." In that case the printed name of the clerk was held a sufficient authentication. Again construing the word "shall" in a statute the court held in *Barton v. Atkinson,* 228 Ga. 733, 739 (187 SE2d 835) (1972), quoting textual authority, that a statutory provision is generally regarded as directory only where failure of literal performance will result in no injury or prejudice to the substantial rights of interested persons, and as mandatory where such injury or prejudice may ensue. The principle of de minimis non curat lex appears applicable. There is no claim here that any prejudice resulted from the manner in which the jurors' names were drawn. See also *Allison v. Domain,* 158 Ga. App. 542 (281 SE2d 299) (1981); *Spivey v. Mayson,* 124 Ga. App. 775, 776 (186 SE2d 154) (1971); *City Wholesale Co. v. Harper,* 100 Ga. App. 151, 154 (110 SE2d 561) (1959).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 18, 1982.

*Leonard McKibben, Jr.,* for appellant.
*William A. Foster III, District Attorney,* for appellee.