### 75773. SOUTHERLAND et al. v. DALTON PAVING & CONSTRUCTION, INC.
(368 SE2d 193)

McMURRAY, Presiding Judge.

On December 9, 1985, defendant Dalton Paving and Construction, Inc. ("Dalton Paving") was involved in a construction project of re-surfacing and widening a stretch of Highway 53 in Gordon County. The work was being done on alternate sides of the roadway. One side of the roadway was left open for use by traffic which was regulated by defendant Dalton Paving's flagmen and a pilot vehicle.

At approximately 2:15 p.m. on December 9, 1985, a number of west bound vehicles were stopped, waiting for traffic from the opposite direction to clear so that they could proceed across the construction site. Milton Hale and his wife Eva Hale were in a pick-up truck at the rear of this line of stopped vehicles when defendant Scott, driving a dump truck owned by defendant Hall, approached the construction site. As defendant Scott rounded a curve and came over a hill toward the construction project, he could feel his air brakes losing pressure. Defendant Scott, seeing the column of traffic in the right lane in front of him, began to blow the horn continuously and steered the dump truck toward the lefthand side of the road, intending to ditch the dump truck on the lefthand embankment, but there was a semi-tractor trailer coming toward him in that lane so he turned the dump truck back to the right in an attempt to ditch it on the righthand side of the road when the dump truck collided with the rear of the Hales' pick-up truck.

Eva Hale was killed and Milton Hale severely injured in the collision. This action presents claims on behalf of Milton Hale seeking damages for his personal injuries and property damage, and a claim for damages for the wrongful death of Eva Hale by Milton Hale and the three children of Eva Hale.

Following discovery the superior court granted defendant Dalton Paving's motion for summary judgment. Plaintiffs appeal, contending that the record presents genuine issues of material fact as to whether negligence of defendant Dalton Paving was a proximate cause of the injuries to Milton and Eva Hale. *Held*:

Plaintiffs' argument suggests a plethora of issues remaining for a jury. Most of the suggested issues involve the flagman at the worksite and arise from safety considerations in regard to the control of traffic through highway construction areas set forth in the Work Zone Traffic Control Standards and Guidelines, 1985 edition, which are made applicable to all public roads in accordance with the provisions of 23 USC §§ 109 (b), 109 (d), 402 (a), and 23 CFR 1204.4.

Tanksley, the flagman at the position where the Hales were stopped, testified in his deposition that the first vehicle stopped at his

position was a tractor and trailer, that he was on the shoulder of the road (on the right side of the tractor and trailer), and that he didn't see anything, but heard a crash. When asked about hearing a horn blowing, Tanksley replied that he heard "no more than they do when the traffic is setting," and "I didn't hear it blow but about one time, and just barely did hear it then. That tractor and trailer was sitting there running."

The Work Zone Traffic Control Standards and Guidelines § 6F-5 provides in part that the "flagger should stand either on the shoulder adjacent to the traffic being controlled or in the barricaded lane." In the case sub judice, the uncontroverted evidence shows that Tanksley, the flagman, was positioned in accordance with this language, but due to a line of stopped vehicles and the size of the first vehicle in line, he was not within a line of sight to the approaching dump truck driven by defendant Scott. Nor was the flagman afforded an audible warning due to the proximity of the idling engine of the first stopped vehicle.

Under the circumstances of the case sub judice, none of the arguments of plaintiffs suggesting hypotheses under which the flagman may have averted the disaster had he been aware of the developing crisis is viable. The record presents no genuine issue of material fact in regard to the conduct of the flagman.

Apparently relying upon portions of the Work Zone Traffic Control Standards and Guidelines, which are not contained in the record, plaintiffs argue that the collision may have been prevented if defendant Dalton Paving had fulfilled a duty to provide a roadside recovery area. While the record fails to show whether such a recovery area existed, the uncontroverted evidence shows that the recovery area issue was not a factor in the events which transpired. Defendant Scott was unable to ditch his dump truck on the left due to oncoming traffic or on the right due to the collision.

There was uncontroverted evidence as to numerous signs being in place on the highway to warn traffic approaching the worksite. This evidence was not contradicted by that portion of the affidavit of Scott stating that he did not see the flagman or his warning flags.

Finally, we find no error in the trial court's refusal to strike portions of the affidavit of the foreman at the scene for defendant Dalton Paving.

Negligence issues are not susceptible of summary adjudication except in plain, palpable and indisputable cases. *Spivey v. Vaughn,* 182 Ga. App. 91 (354 SE2d 870); *Atkinson v. Kirchoff Enterprises,* 181 Ga. App. 139, 140 (351 SE2d 477). When a motion for summary judgment is made and supported by evidence, respondent may not rest upon the mere allegations of his pleadings, but his responses must set forth specific facts showing that there is a genuine issue for trial. In the absence of such response, summary judgment is appropri-

ate. OCGA § 9-11-56 (e); *Fort v. Boone,* 166 Ga. App. 290 (304 SE2d 465); *Zappa v. Allstate Ins. Co.,* 118 Ga. App. 235 (2) (162 SE2d 911). In the case sub judice, defendant Dalton Paving successfully met its initial burden of proof by negating at least one essential element of plaintiffs' case under every theory presented by the pleadings and evidence. Plaintiffs having failed to produce any evidence in rebuttal, no genuine issue of material fact remains for a jury. There was no error in the grant of summary judgment in favor of defendant Dalton Paving.

*Judgment affirmed. Birdsong, C. J., Banke, P. J., Sognier and Benham, JJ., concur. Deen, P. J., Carley, Pope and Beasley, JJ., dissent.*

DEEN, Presiding Judge, dissenting.

While I concur fully with the other dissent filed, it should be noted that two of the four cases relied upon by the majority are only physical precedents, persuasive but not binding upon this court, to wit: *Atkinson v. Kirchoff Enterprises,* 181 Ga. App. 139, 140 (351 SE2d 477) (1986) (whole court vote of three judges concurring, two judges concurring specially, and 4 judges dissenting); and *Fort v. Boone,* 166 Ga. App. 290 (304 SE2d 465) (1983) (two judges concurring and the author of the majority in the case *sub judice* concurring in the judgment only). The status of the latter two cases should be identified in the instant case, as they purport to be dressed in the vestments of precedent, "[b]ut as a result of patient investigation we find this case, after all, is of that common variety known as a 'tomtit,' though vestured in all the plumage of a peacock." *Central of Ga. R. Co. v. Dickerson,* 15 Ga. App. 293, 296 (82 SE 942) (1914); quoted in *Sanders v. State,* 164 Ga. App. 13, 14 (296 SE2d 213) (1982).

BEASLEY, Judge, dissenting.

I respectfully dissent, as the record shows there are material facts in dispute related to whether or not Dalton Paving failed " 'to exercise ordinary care to warn persons using the road of hazards created by its own activities.' " *M. R. Thomason & Assoc. v. Wilson,* 125 Ga. App. 658, 662 (5) (188 SE2d 805) (1972); *State Constr. Co. v. Johnson,* 88 Ga. App. 651, 657 (3) (77 SE2d 240) (1953). The specific failures listed by plaintiffs do not succumb to conclusive evidence to the contrary. Instead, conflicting evidence on at least some of the particular allegations renders them determinable by a jury.

For example, if the duty of the flagman was to warn approaching traffic of the hazard and control the flow of traffic in such a manner so as not to endanger approaching traffic, the fact that he located himself in such a manner and place so that the result was he could not be seen by the driver of the approaching truck, nor could he see the

truck, raises an issue as to whether his duty was fulfilled. Had he been in a position to better observe and be better observed, he who was in control of traffic through the site might have been able to clear the way for the runaway truck or direct it to a collision-avoiding path.

Another example is whether defendant's duty to place *advance* warning of the construction was fulfilled. This site was at the bottom of a steep curve in the road. The evidence does not show conclusively that appropriate signs and/or flagman were located far enough before the highway stop site so as to give adequate reaction time to normally traveling vehicles, including heavy trucks. A third example is whether defendant should have provided an adequate roadside recovery area in these circumstances, as there was no recovery area on the right into which the runaway truck could maneuver instead of hitting the stopped Hale truck.

The affidavit of the foreman, defendant's sole evidence submitted in support of the motion for summary judgment, does not pierce plaintiffs' pleadings and furthermore does not stand uncontradicted. See, as controlling here, the cases cited in the non-precedential opinion of *Fort v. Boone*, 166 Ga. App. 290, 291 (304 SE2d 465) (1983). Moreover, in some respects it contains not facts but rather conclusions, which cannot be considered. OCGA § 9-11-56 (e); *Vickers v. Chrysler Credit Corp.*, 158 Ga. App. 434, 440 (4) (280 SE2d 842) (1981); *Morton v. Stewart*, 153 Ga. App. 636, 643 (2) (266 SE2d 230) (1980). He did not even see the collision or the material circumstances especially concerning the flagman which existed at the time of or immediately preceding the occurrence.

I am authorized to state that Presiding Judge Deen, Judge Carley, and Judge Pope join in this dissent.

DECIDED MARCH 18, 1988 —
REHEARING DENIED APRIL 1, 1988 — 

*Howard W. Jones, Bobby Lee Cook*, for appellants.
*Henry C. Tharpe, Jr., William P. Bailey*, for appellee.