A89A1924. LOWE v. HADLEY et al.

(388 SE2d 394)

SOGNIER, Judge.

T. M. Lowe brought suit against Isaac Hadley and L. U. Hadley to recover a real estate commission allegedly due him on the sale of the Hadleys' home to George W. Ford, Jr. The trial court granted the Hadleys' motion for summary judgment and Lowe appeals.

Appellant had an exclusive listing contract with appellees to sell their home. The listing contract provided that appellant was entitled to a commission upon the sale of the house to "anyone to whom the property was submitted during [the] listing period," and that appellees agreed "to refer all inquiries concerning [the] property to" appellant. The exclusive listing contract expired March 21, 1988. Ford purchased the house from appellees on May 12, 1988.

The parties agree that the sole issue on appeal is whether appellant's affidavit, in which he averred that Ford told him that appellees had showed Ford, as a potential purchaser, their home prior to the expiration of the listing contract, created a question of fact to rebut the affidavits of appellees and Ford that Ford was shown the house as a potential purchaser thereof subsequent to the expiration of the listing contract.

The trial court erred by granting summary judgment to appellees. "In *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982), the Supreme Court held that 'a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence . . . [.]' The logical extension of the *Gibbons* rule is to permit a non-moving party to withstand a motion for summary judgment by submitting sworn testimony averring personal knowledge of the existence of a prior inconsistent statement made by the witness upon whose sworn testimony the movant relies." *Cooperwood v. Auld*, 175 Ga. App. 694 (334 SE2d 22) (1985). As in *Cooperwood*, the affidavits submitted by appellees stated the same facts as those in the affidavit submitted by the witness (here, Ford). "[A]ppellant's affidavit containing [Ford's] statement to [him] that he [viewed the property as a potential purchaser prior to the expiration date of the listing contract] is sworn testimony of personal knowledge that the [witness] earlier made a statement inconsistent with the sworn testimony he later gave in support of the motion for summary judgment, i.e., that he had [not seen the property as a potential purchaser until subsequent to the expiration of the listing contract.]" Id. Construing, as we must, the evidence in the light most favorable to the non-moving party, the record indicates that material issues of fact remain to be determined. Thus, summary adjudication of the case was inappropriate. *Lidster v. Jones*, 176 Ga. App. 392, 393 (336 SE2d 287) (1985).

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

Decided November 6, 1989 —
Rehearing denied November 14, 1989.

*Worthington & Flournoy, Thomas M. Flournoy, Jr.*, for appellant.

*Hatcher, Stubbs, Land & Hollis, Robert C. Martin, Jr.*, for appellees.