A90A0486. PADGETT v. M & M SUPER MARKET, INC.
(395 SE2d 245)

SOGNIER, Judge.

Margie Padgett appeals from the grant of summary judgment in favor of M & M Super Market, Inc., in this slip and fall case.

Appellant presented evidence that on the afternoon of November 21, 1987, she slipped and injured herself while walking through the produce department of appellee's grocery store with her daughter. Appellant stated in her deposition that afterwards, she looked down and saw what she characterized as "a dirty piece of brown lettuce" on the floor beside her foot. Appellant's daughter, Frances Padgett, confirmed the presence of the "very dark lettuce" in her affidavit and averred that after she and appellant spoke to the manager on duty, Curtis Richardson, he returned with them to the produce department and picked up several other pieces of produce on the floor in that area, "stating, 'I told those guys to clean this area up earlier.' "

In his deposition, Richardson denied making the statement averred to by Padgett and stated that when he examined the area where appellant claimed she had fallen, he did not see anything on the floor. He also stated that an outside contractor had cleaned the floors before the store opened at 8:00 a.m. and that the employees in

the produce department followed a set schedule sweeping the floor every hour "[b]ecause it's constantly things being fell [sic] on the floor in the produce department." Based on store records Richardson stated that the produce department floor had been swept at 2:00 p.m. and that he spoke with appellant and Padgett at 2:20 p.m., after appellant's fall.

Appellant contends the trial court erred by granting summary judgment in favor of appellee. We agree and reverse. "Negligence issues are not susceptible of summary adjudication except in plain, palpable and indisputable cases. [Cits.]" *Southerland v. Dalton Paving &c.*, 186 Ga. App. 743, 744 (368 SE2d 193) (1988). "The evidence must be construed most favorably to the party opposing the motion for summary judgment; this party must be given the benefit of all favorable inferences and reasonable doubts which may arise from the evidence. [Cits.]" *Ga. Farm &c. Ins. Co. v. Allstate Ins. Co.*, 190 Ga. App. 593, 594 (379 SE2d 619) (1989). Applying this well established rule, it is apparent that a reasonable inference can be drawn from the spontaneous statement attributed by Padgett to Richardson while he was acting within the scope of his authority as manager of appellee's store, that appellee through its employees had actual knowledge that produce, including the lettuce on which appellant slipped, was present on the floor of the produce department. Richardson's statement clearly constituted an admission against interest by an employee-agent and would be admissible either under OCGA § 24-3-33 or under the res gestae exception, OCGA § 24-3-3. Although Richardson denied making the statement, Padgett's affidavit containing Richardson's statement is sworn testimony of personal knowledge that Richardson earlier made a statement inconsistent with the sworn testimony he later gave in support of the motion for summary judgment, see *Lowe v. Hadley*, 193 Ga. App. 525 (388 SE2d 394) (1989), and as such was sufficient to permit appellant, as the non-moving party, to withstand appellee's motion for summary judgment. Id. Although appellee argues that an inference can be drawn from Richardson's statement which is consistent with his deposition testimony (that "those guys" had obeyed the order to "clean this area up," giving rise to the possibility that the piece of lettuce on which appellant fell had been dropped after the ordered cleaning), determination of which inference to draw from Richardson's statement, as well as resolution of the factual question whether Richardson made the statement at all, is for the jury, not the trial court.

" 'Summary judgments should only be granted where, construing *all* inferences against the movant, it yet appears without dispute that the case can have but a single outcome.' [Cits.] In the instant case the evidence does not mandate a judgment as a matter of law; a scrupulous sifting and weighing of the evidence by a jury is required." *Bragg*

*v. Missroon*, 186 Ga. App. 803, 805-806 (368 SE2d 564) (1988). Accordingly, the trial court erred by granting summary judgment in favor of appellee.

*Judgment reversed. Carley, C. J., and Pope, J., concur. McMurray, P. J., disqualified.*

DECIDED MAY 17, 1990 —
REHEARING DENIED MAY 30, 1990.

*Kennedy, Lewis, Smart & Brannon, Don Smart*, for appellant.
*Brannen, Searcy & Smith, Leesa A. Bohler, Wayne L. Durden*, for appellee.