## A93A0786. ELSBERRY v. IVEY.
(434 SE2d 158)

BIRDSONG, Presiding Judge.

Mark Elsberry appeals the grant of summary judgment in favor of George Ivey. Appellant brought suit for personal injuries sustained from falling from a roof. Appellant (who has a ninth-grade education and considers himself a capable construction worker and carpenter) was a handyman who was directed by appellee (who has a two-year engineering certificate from Georgia Tech and spent 40 years in the construction business) to remove shingles from the roof of a tenant house over a century old. The house was built with logs, and secured with wooden pegs rather than nails. Three months prior to the incident, a construction contractor inspected the house at appellee's request and found it rotting and termite infested; both the contractor and appellee inspected the roof from the top to ascertain its condition. Appellee subsequently ordered appellant to remove the roof "from the top down." After two asphalt shingle layers were removed, underlying wooden shingles allegedly slid causing appellant to fall from the roof. *Held*:

1. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474) is controlling as to the proper summary judgment standard, and the court must construe the evidence and all inferences and conclusions arising therefrom most favorably toward the opposing party. *Moore v.*

*Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843).

2. Appellant was hired to remove a roof down to the rafters. Appellant testified he knew the age of the house and that it was in need of repairs. It was because the roof was defective that appellant was hired to remove it.

(a) An owner or occupier of land has a duty to exercise ordinary care to keep his premises safe for such persons as may lawfully come upon the premises at the owner's expressed or implied invitation, including workers hired to work upon the premises. OCGA § 51-3-1. However, an exception to this general rule exists as to workers hired to perform work which makes " 'a place that is known to be dangerous, safe, or in a work that in its progress necessarily changes the character for safety of the place in which it is performed as the work progresses.' " *Holland v. Durham Coal &c. Co.*, 131 Ga. 715, 719 (63 SE 290).

The master cannot provide a safe place for a servant whose work place constantly is shifted, altered, or transformed by the very labor the servant was engaged to perform. See *Rogers v. Condon, Graham & Milner*, 144 Ga. 390 (1) (87 SE 397); *Holland*, supra at 720. The safe work place rule presupposes a static area where work is performed on a regular basis. However, construction or demolition sites by their inherent nature are naturally temporary and in a state of continuous alteration.

(b) The removal of two layers of asphalt shingles to reveal the wooden shingles below perforce would alter the roof's condition and affect the footing of persons working on the roof. For example, loosened shingles, removed nails, and other debris were certain to accumulate to some degree even under optimum conditions making traversal of the roof more hazardous. As the roof, thusly, was not a static area but constantly shifting and being transformed as the roof removal progressed, the general rule of law, which imposes a duty on a master to provide his servant a safe work place would not apply. See generally *Rogers*, supra; *Holland*, supra; *Powell v. Shurling*, 51 Ga. App. 67 (179 SE 653). "Thus, where the injured servant was hired for the express purpose of assisting in the repair, demolition, or alteration of some instrumentality [in this instance, the roof], and the unsafe conditions from which the injury resulted arose from or were incidental to the work undertaken by him, the above-stated general rule is not applicable." *Louisville &c. R. Co. v. Dunn*, 21 Ga. App. 379 (1) (94 SE 661).

(c) Appellant contends that he "didn't know anything was loose" on the roof and that he had no experience with wooden shingles of the type he was hired to remove. It is undisputed that the wooden shingles were covered by two layers of asphalt shingles held in place by nails, which would be driven into the original wooden shingles. As

the asphalt shingles were removed, the wooden shingles underneath were necessarily revealed and their condition should have been obvious to appellant. "It is the servant's duty to observe every visible and manifest defect which would render his work dangerous." *Callahan v. Atlantic Ice &c. Corp.*, 33 Ga. App. 330, 332 (126 SE 278).

Appellant also argues that appellee failed to warn him of the slippery and loose condition of the wooden shingles. In addition to having removed the asphalt shingles, appellant had been working on various locations of the roof for three or four hours before he fell. Were there a defect present, he had ample opportunity to discover it and act accordingly.

"A servant assumes the ordinary risks of his employment, whether or not such employment be of a dangerous character. One who is [removing shingles from a roof] for the purpose of [removing the entire roof] incurs an obvious danger of [loosened shingles and nails being underfoot], and he either knows of such danger, or is chargeable with knowledge thereof. Under such circumstances there is no hidden danger, but one which is as obvious to the servant as to the master. Such danger is an incident to the very work in which the servant is engaging, and does not come from an independent agency." (Emphasis deleted.) *Hagins v. Southern Bell Tel. &c. Co.*, 134 Ga. 641, 642-643 (68 SE 428). "[I]t appears that the injury was received from a danger that would ordinarily and naturally exist in doing the work which the servant was employed to perform. But this is not all. The servant could not have engaged in the work without knowing and seeing . . . the identical condition which, as grounds of negligence, it is alleged that the master allowed to exist." *Thomas v. Ga. Granite Co.*, 140 Ga. 459, 462 (79 SE 130). Accordingly, we are satisfied that this case poses an exception to the general rule of a master providing a safe work place to a servant or employee pursuant to OCGA § 51-3-1. The trial court did not err in granting summary judgment to appellee. *Lau's Corp.*, supra.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED JULY 16, 1993.

*Kennedy & Kennedy, Reid G. Kennedy, Reid W. Kennedy*, for appellant.

*Fain, Major & Wiley, Gene A. Major, Darryl G. Haynes*, for appellee.