A94A0327. HOWELL v. FARMERS PEANUT MARKET OF SOWEGA, INC.
(442 SE2d 904)

BIRDSONG, Presiding Judge.

Leymon L. Howell appeals from the grant of summary judgment to Farmers Peanut Market on his claim to recover for injuries sustained after he was injured while working at the Farmers Peanut Market plant. The record shows that Farmers Peanut Market contracted with Howell's employer to remove and replace a motor from the top of a grain elevator at the plant.

Although the motor was successfully removed from the top of the elevator, Howell was injured while the motor was being hoisted to the top of the grain elevator. After Howell sued to recover for his injuries, the trial court granted Farmers Peanut Market's motion for summary judgment. Howell now appeals contending that the trial court erred by failing to apply the general law applicable to business invitees, by finding that Howell had superior knowledge of the defective condition of the premises and the equipment, and by failing to apply the emer-

gency doctrine. *Held*:

1. An owner or occupier of land has a duty to exercise ordinary care to keep his premises safe for such persons, including workers who have been hired to work on the premises, as may lawfully come on the premises at the owner's expressed or implied invitation. OCGA § 51-3-1. An exception is made to this general rule for workers hired to perform work which makes " ' "a place that is known to be dangerous, safe, or in a work that in its progress necessarily changes the character for safety of the place in which it is performed as the work progresses." ' *Holland v. Durham Coal &c. Co.*, 131 Ga. 715, 719 (63 SE 290)." *Elsberry v. Ivey*, 209 Ga. App. 620, 621 (434 SE2d 158). "The safe work place rule presupposes a static area where work is performed on a regular basis. However, construction or demolition sites by their inherent nature are naturally temporary and in a state of continuous alteration." Id. Moreover, " 'where the injured servant was hired for the express purpose of assisting in the repair, demolition, or alteration of some instrumentality [in this case, the motor], and the unsafe conditions from which the injury resulted arose from or were incidental to the work undertaken by him, the above-stated general rule is not applicable.' *Louisville &c. R. Co. v. Dunn*, 21 Ga. App. 379 (1) (94 SE 661)." Id.

2. In this instance, Howell was injured as the motor was being hoisted to the top of the grain elevator. When Howell arrived on the scene, he saw that the motor was caught in an opening on the roof; he shouted for the hoisting to stop because he knew that a dangerous situation was present since the "strong arm" holding the motor might break and the motor might drop. The workers hoisting the motor stopped and thereafter followed Howell's directions. Howell first climbed up to where he could check out the condition of the motor and the cable, and then lowered and repositioned the motor so that it would go through the opening in the roof. Then, when at Howell's direction the motor was being raised again, it fell and struck Howell.

It was Howell's duty to observe any visible and manifest defects which would make his work dangerous. *Callahan v. Atlantic Ice &c. Corp.*, 33 Ga. App. 330, 332 (126 SE 278). Thus, when he halted the hoisting of the motor he had the opportunity to check out not only the motor and the hoist, but the strong arm and any other part of the operation and equipment. He cannot blame Farmers Peanut Market for his failure to inspect all aspects of the operation, and for his positioning himself in a place where he would possibly be injured if the motor fell. Moreover, Howell's deposition shows that he had removed over 100 motors such as this, and he was aware that the failure of the arm was one of the dangers he faced. It appears that Howell's "injury was received from a danger that would ordinarily and naturally exist in doing the work which [he] was employed to perform. But this is

not all. [Howell] could not have engaged in the work without knowing and seeing the identical condition which, as grounds of negligence, it is alleged that the master allowed to exist. Accordingly, we are satisfied that this case poses an exception to the general rule of a master providing a safe work place to a servant or employee pursuant to OCGA § 51-3-1." (Citation and punctuation omitted.) *Elsberry v. Ivey*, supra at 622.

3. Since the evidence shows that Howell had the opportunity to stop the hoisting operations and inspect the conditions existing, there was no emergency which would warrant application of the emergency doctrine. See *Johnston v. Woody*, 148 Ga. App. 152, 153 (250 SE2d 873).

Accordingly, the trial court did not err by granting summary judgment to the Farmers Peanut Market.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MARCH 28, 1994.

*Rodney M. Keys*, for appellant.
*Watson, Spence, Lowe & Chambless, W. Earl McCall*, for appellee.