A96A0278. GREENFOREST BAPTIST CHURCH, INC.
v. SHROPSHIRE et al.
(471 SE2d 547)

Birdsong, Presiding Judge.

Lewis Shropshire filed this personal injury suit for injuries received in October 1993 when he stepped on a nail protruding from a two-by-four board on the premises of Greenforest Baptist Church, Inc. Shropshire was hired to tear down a barn on church property. He contends that church employees were negligent in dismantling the structure surrounding a doorway adjacent to the barn. The church contends Shropshire was knowledgeable of the inherently dangerous conditions of such sites, that his own testimony shows he was aware church employees were dismantling the structure near him and he was aware there might be nails protruding from dismantled boards, and that he had no right to assume all such dangerous conditions had been removed. Thus, the church contends Shropshire had equal or superior knowledge of the dangerous condition and did not exercise ordinary care for his own safety, as required for a plaintiff to recover damages in an action of this kind. See *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327); *Brown v. Carlisle*, 214 Ga. App. 483 (448 SE2d 256); *Motes v. 6 "S" Co.*, 186 Ga. App. 67 (366 SE2d 358); *Beard v. Fender*, 179 Ga. App. 465 (346 SE2d 901).

The trial court denied Greenforest Baptist Church's motion for summary judgment. We granted this interlocutory appeal. *Held*:

As to evidentiary standards on motions for summary judgment, see *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). In general, however, negligence issues are susceptible to summary adjudication only in plain, palpable and indisputable cases; the evidence must be construed most favorably to the party opposing the motion, and he must be given the benefit of all favorable inferences and reasonable doubts which may arise from the evidence. *Padgett v. M & M Super Market*, 195 Ga. App. 799, 800 (395 SE2d 245). Summary judgment may be granted only where, construing *all* inferences against the movant, it yet appears without dispute that the case can have but

one outcome and that outcome must be in the movant's favor, for where the evidence does not mandate a judgment as a matter of law, a scrupulous sifting and weighing of the evidence by a jury is required. Id.

Thus construing this evidence, we find that genuine issues of material fact remain for jury determination. Construed in favor of Shropshire, the evidence shows his injury was caused by the "active negligence" of church workers. Despite his warning to the church not to allow any persons in the vicinity where he was working, church workers came on the premises and began carelessly discarding two-by-fours in his work area two hours after he started work. Before he began work, Shropshire and his assistant had carefully examined the premises and looked for and removed any dangerous conditions, and they had found no two-by-four boards. Shropshire did not handle any two-by-fours during his work but worked only with plywood he removed from the roof. When church workers, including two supervisors, came onto the scene, Shropshire asked them not to remain where he was working, but they remained and began to throw two-by-four boards haphazardly in his work area. To no avail, he again warned the church workers that he did not want anyone else in the area where he was working, and he reminded them of the dangerous condition they were creating. He requested they clean up their mess and place boards only in a designated pile after bending back protruding nails, but he had to accept the fact that he was not in control of the premises, as the church supervisor told Shropshire not to worry about the church workers' work, that they would make sure all materials would be picked up and all boards would be placed in the designated pile, and that "[the church] would watch out for its own people and [Shropshire] should just watch out for his own." While he continued to work on the barn roof, Shropshire tried to notice that the church workers removed the debris they were actively creating. After the church employees left the area, Shropshire had to come down from the barn roof. He had no choice but to alight where he did because the roof he was hired to remove was now gone. Purposefully observing the ground, he did not see any danger where he intended to step. The two-by-four with the protruding nail on which he stepped was not visible to him because it was weather-worn, faded, gray and it matched and blended into the surrounding cement area containing leaves, dirt, grass and shingle dust.

Since Shropshire and his assistant were not working with two-by-fours and had carefully examined the premises for dangerous conditions and had not seen any two-by-fours, Shropshire contends the only reasonable inference is that despite his repeated warnings church workers actively and negligently created this dangerous condition, and that this condition was hidden and was not visible to him

despite his exercise of ordinary care for his own safety. He contends his mere knowledge of the possibility that such a dangerous condition might have been created does not necessarily constitute "full appreciation of the risk" involved, for having already searched diligently for dangerous conditions before he began work and having looked carefully before he stepped down from the barn roof, he could not see and did not know of the sharp object concealed on the ground. See *Wade v. Mitchell*, 206 Ga. App. 265, 268 (424 SE2d 810); *Atkinson v. Kirchoff Enterprises*, 181 Ga. App. 139, 140 (351 SE2d 477). He thus concludes the church employees were actively negligent, that he did not have equal knowledge of the dangerous condition they created, and that he exercised ordinary care for his own safety.

Based on the view of the evidence most favorable to Shropshire as respondent on motion for summary judgment, we agree that material issues of fact remain which preclude summary judgment to the church. "A landlord has a statutory duty to keep premises in repair (OCGA § 44-7-13), and he is liable for damages to invitees for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe. OCGA § 51-3-1." *Carey v. Bradford*, 218 Ga. App. 325, 326 (461 SE2d 290). It is only where the invitee had equal or superior knowledge of a hazard and failed to exercise ordinary care for his own safety that the landlord is relieved of liability for that invitee's injury. Id. Only in clear and palpable cases, where it appears that one recklessly tests an observed and clearly obvious peril, or voluntarily assumes a position of imminent danger, will he be barred from recovery as a matter of law. *Fowler v. Campbell*, 191 Ga. App. 872 (383 SE2d 163). A jury might reasonably conclude Shropshire did everything ordinarily reasonable to prevent and warn against the injury he later sustained, and that church workers negligently left this two-by-four on the ground where he could not reasonably detect it despite his conscious efforts to detect such a dangerous condition. Moreover, the jury may find he had no reasonable alternative but to alight from the roof where he did. As we recently held in *Carey v. Bradford*, supra, the doctrine of assumption of risk does not extend to making Shropshire a "captive" on the defendant's roof by making him prove he "employed every conceivable means" of protecting himself from defendant's negligence or else be held to have assumed the risk, for this would effectively remove the landlord's statutory duty to keep the premises safe and in repair.

This case is distinguished from *Howell v. Farmers Peanut Market &c.*, 212 Ga. App. 610 (442 SE2d 904), where the dangers encountered by a plaintiff in hoisting a motor on a peanut elevator were as well known to him as to the owner; moreover, that plaintiff did not exercise ordinary care to look for the particular defect which harmed him.

This case is also distinguished from *Elsberry v. Ivey*, 209 Ga. App. 620 (434 SE2d 158), where demolition of a roof necessarily loosened nails and created danger which the plaintiff knew of and should have anticipated. In *Elsberry*, we held that where the injured servant was hired for the express purpose of assisting in demolition, and the unsafe conditions from which injury resulted "arose from or were incidental to the work undertaken by him" (*Louisville &c. R. Co. v. Dunn*, 21 Ga. App. 379 (1) (94 SE 661)), the general rule that an owner or occupier of land has a duty to keep his premises safe for workers (OCGA § 51-3-1) does not apply. This is a proper result. However, construing the evidence in this case in favor of Shropshire as respondent on motion for summary judgment, when he entered the work site to tear down this roof *there was no other demolition going on*, and the injury he sustained was therefore not such as "arose from or [was] incidental to the work undertaken by him." *Elsberry*, supra. No one else was supposed to be working in the area where he was demolishing this roof, and of which he supposedly had control. He and his employee examined the site carefully before he began, and he worked carefully. *Later*, church employees came into the area and began to do demolition work which he warned and advised them against to no avail; he was told to mind his own business. This he did, but not without telling church employees how to be careful in piling their debris. The church employees promised to be careful. The reasonable inference, however, is that they left a hidden danger (a protruding nail) which had not been on the ground before Shropshire climbed on the roof. After church employees had apparently cleaned up and had gone, Shropshire was forced to alight from the roof, and before he did so, he examined the ground carefully for nails or other dangers which were not there when he went up on the roof. He saw none, either because of the camouflaging leaves and dirt or because of the lighting, but judging the evidence in his favor, his failure to see this nail was not his fault as he acted in the exercise of special care in view of the actions of church employees. Viewing the evidence in this manner, as we are required to do on the church's motion for summary judgment, there are issues of fact which remain which sharply distinguish this case from *Elsberry* and any other "demolition site" case.

Accordingly, the trial court correctly denied the church's motion for summary judgment.

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED MAY 20, 1996.

*Goodman, McGuffey, Aust & Lindsey, Edward H. Lindsey, Jr.,*

*Leslie S. Sullivan, Joseph M. Maguire, Jr.*, for appellant.
*Isenberg & Hewitt, Melvin L. Hewitt, Jr., Sidney M. Weinstein*, for appellees.