A07A0127. BILLS v. LOWERY et al.
(648 SE2d 779)

MILLER, Judge.

Carol M. Bills, as the widow of David J. Mesicek and as the administratrix of his estate, brought the instant wrongful death action against James L. Lowery, individually, and James L. Lowery d/b/a Molly B. Tire Service (collectively "Lowery"). The trial court granted summary judgment in favor of Lowery, and Bills filed this appeal. Finding that genuine issues of material fact exist on the issues of negligence, proximate cause, and assumption of the risk, we reverse.

---

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all [of the] reasonable conclusions . . . drawn from it, in the light most favorable to the nonmovant.

(Citation and footnote omitted.) *Helton v. Riverwood Intl. Corp.*, 261 Ga. App. 62 (581 SE2d 687) (2003).

So viewed, the evidence shows that on June 22, 2002, Bills and Mesicek were traveling on I-75 when the inside right rear tire on their motor home blew out. Acting pursuant to the owner's manual, Mesicek contacted Lowery, a tire repairman, to repair and replace the blown tire. To facilitate the repairs, Lowery elevated the 29,000 pound-plus motor home with a hydraulic jack, but did not use blocks or jack stands to secure the vehicle while it was elevated.

After successfully removing both of the right rear tires, Lowery relocated to his van to repair them. While the motor home remained elevated on the jack, Mesicek crawled under the motor home. Shortly thereafter, and unaware of her husband's location, Bills entered the motor home. Moments later, the motor home fell off the jack and onto Mesicek, resulting in his death.

1. Bills first argues that the trial court erred in granting Lowery summary judgment because there was evidence from which a jury could find that Lowery was negligent. We agree.

Lowery, as a tire repairman hired by Mesicek and his wife, was required to exercise "ordinary care in making such repairs so as not to endanger the lives and limbs of others by a negligent performance, the consequences of which may be foreseen by him." (Citation and punctuation omitted.) *E. & M. Constr. Co. v. Bob*, 115 Ga. App. 127, 128 (153 SE2d 641) (1967); *Griffith v. Chevrolet Motor Division &c.*, 105 Ga. App. 588, 593-594 (2) (b) (125 SE2d 525) (1962) (holding a repairman owes a duty to use ordinary care in making repairs); *Mauldin v. Sheffer*, 113 Ga. App. 874, 880 (150 SE2d 150) (1966) (individual performing contractual services subject to finding of negligence for failure "to exercise the required degree of skill" necessary to perform the same safely) (citations omitted).

Bills introduced evidence as to the extent and nature of Lowery's experience and training as a tire repairman. Specifically, Lowery had more than 23 years of experience as a tire repairman; had received training based on applicable industry standards from his employers over such time period; and his experience included an incident similar to the one at issue. Moreover, Lowery deposed that he had not used stands or blocks to secure the mobile home after jacking it to an elevated position; that he had left the jacked up motor home weighing

in excess of 29,000 pounds unattended; and that he had not warned Mesicek or his wife to stay away from the motor home as he did his work. In addition, the written materials and warning labels provided by the manufacturer of Lowery's jack, including the jack's "operating safety instructions[,]" cautioned jack users to "use safety stands under the axle after lifting the vehicle [and] not to go under [a] vehicle supported only by jack."

Lowery's training and experience may be taken into account in determining whether his conduct constituted negligence. See *Mixon v. Dobbs Houses, Inc.*, 149 Ga. App. 481, 483 (254 SE2d 864) (1979) ("The question for the jury is whether danger should have been recognized by common experience, or by the special experience of the alleged wrongdoer, or by a person of ordinary prudence and foresight.") (citations and punctuation omitted); see also *Coffer v. Bradshaw*, 46 Ga. App. 143, 149-150 (167 SE 119) (1932) (person responsible for a dangerous place responsible to safeguard persons rightfully at or near such place and to duly warn the other thereof).

Given that genuine issues of material fact exist as to whether Lowery exercised ordinary care for the safety of Mesicek, we find that the trial court's grant of summary judgment to Lowery on the issue of negligence was error.

2. Bills also challenges the trial court's grant of summary judgment for Lowery on the issue of causation, arguing that there was evidence from which a jury could find that Lowery should have foreseen and guarded against the failure of the jack as well as the actions of herself and her husband. Again, we agree.

> In determining what is proximate cause the true rule is, that the injury must be the natural and probable consequence of the negligence, such a consequence as under the surrounding circumstances of the case might and ought to have been foreseen by the wrong-doer as likely to flow from his act. The injury must be the direct result of the misconduct charged; but it will not be considered too remote if, according to the usual experience of mankind, the result ought to have been apprehended.

(Citation omitted.) *Beasley v. A Better Gas Co.*, 269 Ga. App. 426, 428 (1) (604 SE2d 202) (2004). "The inquiry is not whether the defendant['s] conduct constituted a cause in fact of the injury, but rather whether the causal connection between that conduct and the injury is too remote for the law to countenance a recovery." (Citation and footnote omitted.) *Hynes v. Cagle*, 264 Ga. App. 367, 368-369 (590 SE2d 770) (2003).

Here, we cannot conclude, as matter of law on the evidence of record, that the failure of Lowery's jack or that the consequences of his failure to warn Mesicek and his wife or to safeguard the worksite were unforeseeable. Because jury questions remain in this regard, we find that summary judgment for Lowery on the issue of causation was error. "What amounts to proximate cause is undeniably a jury question and is always to be determined on the facts of each case upon mixed considerations of logic, common sense, justice, policy, and precedent." (Citation and punctuation omitted.) *McCannon v. Wilson*, 267 Ga. App. 815, 818 (3) (600 SE2d 796) (2004). The instant case is no exception.

3. Finally, Bills argues that the trial court erred in granting summary judgment for Lowery on the issue of Mesicek's assumption of the risk. The affirmative defense of assumption of the risk "is not ordinarily susceptible of summary adjudication[,]" and summary judgment is appropriate only where the evidence is "plain, palpable, and indisputable." (Punctuation and footnote omitted.) *Kroger Co. v. Williams*, 257 Ga. App. 833, 835 (572 SE2d 316) (2002).

"In Georgia, a defendant asserting an assumption of the risk defense must establish that the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks." (Punctuation and footnote omitted.) *Kroger Co.*, supra, 257 Ga. App. at 835. In this regard, the evidence shows that Mesicek had observed Lowery working to remove the blown inside tire from underneath the motor home while elevated on the jack and otherwise unsupported and that Lowery never warned Mesicek to stay clear of the vehicle. Given the foregoing, it is neither plain nor indisputable that Mesicek had actual knowledge of the danger of the motor home falling off of the jack, or that he understood and appreciated the risks associated with such danger. Id. Consequently, summary judgment for Lowery was not warranted on this basis.

For the foregoing reasons, therefore, we conclude that the trial court erred in granting Lowery's motion for summary judgment.

*Judgment reversed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JULY 5, 2007.

*Harris, Penn & Lowry, Darren W. Penn*, for appellant.
*Downey & Cleveland, George L. Welborn, Min J. Koo*, for appellees.