McFADDEN, Presiding Judge,
dissenting.
I respectfully dissent because this is not a case where the defense of assumption of the risk is susceptible of summary adjudication. And Thomas Fuller’s alternate arguments for summary judgment lack merit. So I would affirm the trial court’s denial of the defendants’ motions for summary judgment.
1. Assumption of the risk.
An assumption of risk defense
is not ordinarily susceptible of summary adjudication, and summary judgment is appropriate only where the evidence is plain, palpable, and indisputable. In Georgia, a defendant asserting an assumption of the risk defense must establish that the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks.
Bills v. Lowery, 286 Ga. App. 301, 304 (3) (648 SE2d 779) (2007) (citations and punctuation omitted). The defendant must show “both actual and subjective knowledge on the plaintiff’s part. The knowledge that a plaintiff who assumes a risk must subjectively possess is that of the specific, particular risk of harm associated with the activity or condition that proximately causes injury” Kroger Co. v. Williams, 257 Ga. App. 833, 835 (572 SE2d 316) (2002).
The majority would hold that McCormick had actual and subjective knowledge of the particular risk that caused his injury — rocks falling from the bucket of the Bobcat — because the danger was obvious and because McCormick overloaded the bucket with rocks, even though he was aware that doing so could cause rocks to fall out. In fact, McCormick specifically testified that, although he was aware of the risk of the Bobcat falling over, he did not know of the risk of the harm that injured him. And he specifically testified that he did not overload the bucket.
*643 (a) Specific knowledge.
On the issue of McCormick’s knowledge, he submitted his affidavit in which he explicitly testified that he did not know that “using the Bobcat to clear large rocks and rubble and dumping it into a dump truck with the bucket up high was different than using it how [he] had used it before,” that “using the Bobcat on a hill or that dumping from a different, level than the dump truck needed to be done any differently than [he] had done before,” or that “there was a risk that the rocks could fall out of the bucket if the Bobcat was operated in the manner it was operated on the date of the incident.” He added that he “had never had any items fall out of the bucket when [he] used the Bobcat before.” This is direct evidence that McCormick lacked actual knowledge of the danger that resulted in his injury and did not understand or appreciate the risks associated with such danger.
Moreover, although McCormick did testify that he was “worried that something could happen,” as the majority observes, he consistently explained that the danger he was worried about was the Bobcat tipping over:
Q. You had the bucket way up high?
A. Yeah. To get over that dump truck. I hope this thing don’t turn over.
Q. Okay But you felt nervous because you felt that it was dangerous?
A. Something could happen, yes, sir.
Q. Did you have any thoughts about what might happen?
A. The side — The side might tip over or something. Other than that, no.
Q. So you knew, you were afraid something was going to happen because it was unstable, right?
A. I thought something was going to happen because it was extended out high.
Q. You were afraid something was going to happen because it was extended out high?
A. But what I thought would happen, I thought it might tilt over or something. I knew it couldn’t do that.
The majority would disregard McCormick’s affidavit testimony on the ground that the trial court should have discounted it under Prophecy Corp. v. Charles Rossignol, Inc., 256 Ga. 27 (343 SE2d 680) (1986). But McCormick’s testimony is not contradictory; in his deposition McCormick testified that he was concerned that the Bobcat *644 would tilt over; in his affidavit he testified that he did not know of the risk of rocks falling out of the Bobcat’s bucket. Testimony “is contradictory if one part of the testimony asserts or expresses the opposite of another part of the testimony” Prophecy Corp., 256 Ga. at 30 (2). Here, “[t]here is no relevant contradiction to be resolved, and the Prophecy rule has no bearing on the question of” whether McCormick knew of the risk of rocks falling from the bucket. Pierre v. St. Benedict’s Episcopal Day School, 324 Ga. App. 283, 289 (3) (750 SE2d 370) (2013). So there is no basis for disregarding the only direct evidence of McCormick’s knowledge of the risk that injured him. “Consequently, summary judgment for [the defendants is] not warranted on this basis.” Bills, 286 Ga. App. at 304 (3).
The majority cites Kroger, 257 Ga. App. at 835, for the proposition that when a person admits knowledge of the risk caused by his own conduct, even if the risk manifests itself differently than he expected, that person has assumed the risk of injury But in Kroger, the plaintiff admitted knowledge of the specific risk that caused his injury. There, the plaintiff, a delivery driver, was injured when, while assisting a store employee unload a pallet of milk crates from his truck, the crates fell on the plaintiff. Id. at 834. The plaintiff “acknowledged he was aware that milk fell during the unloading process ‘all the time,’ ” and that one cause was “ ‘like the case with [him] when the crate gets caught on the dock plate.’ ” Id. He had even complained to his supervisor about the store’s employees “not knowing how to operate the pallet jack[ ]” that caused the crates to fall on him. Id. at 835. And in Kroger, we repeated our long-standing requirement that for assumption of the risk to apply,
[t]he knowledge that a plaintiff... must subjectively possess is that of the specific, particular risk of harm associated with the activity or condition that proximately causes injury. The knowledge requirement does not refer to a plaintiff’s comprehension of general, non-specific risks that might be associated with such conditions or activities.
Id. (citation omitted; emphasis supplied). See also Vaughn v. Pleasent, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996) (same); Trustees of Trinity College v. Ferris, 228 Ga. App. 476, 479 (3) (491 SE2d 909) (1997) (same).
(b) Overloading of the bucket.
Contrary to the majority, McCormick testified that he did not overload the bucket with rocks, because he wanted to avoid the risk *645 of rocks falling:
Q. How high was the load of rock and such that were in the bucket when this rock came off and hit you?
A. I would say, it wasn’t level, with the rock sticking up maybe four inches tall or something.
Q. So when you loaded it up,. .. you had chosen to get a load of rock that was sticking up maybe four inches over the level of the bucket?
A. No. If it was level, the end of it might have been sticking up like that, but I didn’t have a big mound of dirt or nothing over the top of the bucket because I had enough sense to know that when I dumped that it would’ve fallen on me.
Q. That’s what I’m trying to find out. Was the load that you had level with the top of the bucket or was a rock or two sticking up a few inches above the bucket?
A. A rock or two was sticking up a few inches above it honestly, but the whole load wasn’t sticking up. You know, it wasn’t a mound over it.
(Emphasis supplied.) As the majority writes and this testimony demonstrates, McCormick admitted that he subjectively appreciated the risk of overloading the Bobcat’s bucket, but the majority points to no record evidence that McCormick did, in fact, overload the bucket. There is no basis for concluding that McCormick overloaded the bucket, given his undisputed testimony that he “didn’t have a big mound of dirt or nothing over the top of the bucket” and that a “rock or two was sticking up a few inches above [the bucket] honestly, but the whole load wasn’t sticking up.”
The evidence of McCormick’s assumption of the risk is not plain, palpable, and indisputable. So the trial court did not err by denying the defendants’ motion for summary judgment on this ground.
2. Thomas Fuller’s other arguments.
Thomas Fuller argues that he did not breach a duty to McCormick; that McCormick breached his own affirmative duty to ensure his own safety; and that no act of Thomas Fuller’s caused the accident. None of these arguments entitles Thomas Fuller to summary judgment.
(a) Duty of care.
Thomas Fuller argues that he owed no duty of care to McCormick because on the day of the accident, McCormick’s job was to clear debris from a demolition site, and the duty of ordinary care does not apply to construction or demolition sites. Under OCGA § 34-7-20, an *646 employer
is bound to exercise ordinary care ... in furnishing machinery equal in kind to that in general use and reasonably safe for all persons who operate it with ordinary care and diligence. If there are latent defects in machinery or dangers incident to an employment, which defects or dangers the employer knows or ought to know but which are unknown to the employee, then the employer shall give the employee warning with respect thereto.
OCGA § 34-7-20.
Thomas Fuller cites Elsberry v. Ivey, 209 Ga. App. 620 (434 SE2d 158) (1993), a premises liability case, for the proposition that the duties of OCGA § 34-7-20 do not apply to employees on construction or demolition sites. In Elsberry, the plaintiff was injured while engaged in the demolition of a roof, which, as the work progressed, created danger of which the plaintiff knew or which he should have anticipated. We held that because the plaintiff was hired for the express purpose of assisting in demolition, and the unsafe conditions from which his injury resulted “arose from or were incidental to the work undertaken by him,” the general rule that an owner or occupier of land has a duty to keep his premises safe for workers did not apply Id. at 621 (2) (b) (citation and punctuation omitted). And we noted, “[t]he servant could not have engaged in the work without knowing and, seeing the identical condition which, as grounds of negligence, it is alleged that the master allowed to exist.” Id. at 622 (2) (c) (citation and punctuation omitted; emphasis supplied).
Here, McCormick was engaged in cleaning up after demolition, not assisting in demolition; his clean-up work was not making the premises less safe as the work progressed, unlike the demolition work of the plaintiff in Elsberry, and he testified that he did not understand the risk. The other case cited by Thomas Fuller, Howell v. Farmers Peanut Mkt. of Sowega, 212 Ga. App. 610 (442 SE2d 904) (1994), also was a premises liability case in which the plaintiff was injured while assisting in construction. Both cases are distinguishable and neither supports Thomas Fuller’s argument that he owed McCormick no duty.
(b) Duty to ensure his own safety.
Thomas Fuller argues that he is entitled to summary judgment because McCormick failed “to observe and protect himself from visible and manifest defects which exist[ed] in his work environment.” This is simply restating the assertion that McCormick assumed the risk of injury. See Carter v. Country Club of Roswell, 307 Ga. App. *647 342, 346 (705 SE2d 170) (2010). And as detailed above, whether McCormick assumed the risk of injury is a question for jury resolution.
Decided March 10, 2017
Lori J. Christman; Leuenson & Associates, Louis Levenson, for appellants (case no. A16A1521).
Downey & Cleveland, G. Lee Welborn, Amanda S. Newquist, for appellant (case no. A16A1522).
Wagner Hughes, Gretchen H. Wagner, Katherine G. Hughes, for appellees.
(c) Causation.
Finally, Thomas Fuller argues that he is entitled to summary judgment because McCormick has failed to point to evidence of a causal connection between Thomas Fuller’s conduct and McCormick’s injury But McCormick points to Cindy Fuller’s deposition in which she testified that the incident occurred because McCormick was using the Bobcat negligently. That testimony, he argues, allows the conclusion that if the defendants had trained him properly, he would not have used the Bobcat negligently, and he would not have been injured. He also points to evidence that the defendants could have provided a screen to prevent objects from entering the cockpit, thereby preventing his injury So Thomas Fuller has not shown that he is entitled to summary judgment for lack of evidence of causation. See Cowart v. Widener, 287 Ga. 622, 627 (2) (b) (697 SE2d 779) (2010) (“In the tort context, proximate causation includes all of the natural and probable consequences of the tortfeasor’s negligence[.]”).
As the defendants have not shown that they are entitled to summary judgment because McCormick assumed the risk of injury and because none of Thomas Fuller’s alternate arguments entitle him to summary judgment, I would affirm the trial court.